**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JUSTSERVICE.NET LLC,<br>an Illinois company,<br><br>    Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br>a Delaware corporation,<br><br>    Defendant. | Civil Action No.: 6:20-cv-00070<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Justservice.net LLC ("Justservice"), by its undersigned attorneys, alleges claims of patent infringement against Defendant Dropbox, Inc. ("Dropbox"), with knowledge of its own acts and on information and belief as to other matters, as follows:

## PARTIES

1. Justservice is an Illinois limited liability company with its headquarters and principal place of business at 2940 N Clark Street, Chicago, Illinois 60657.

2. Dropbox is a Delaware corporation with headquarters in San Francisco, California and a second corporate campus in Austin, Texas.

3. Dropbox may be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Dropbox offers virtual data storage systems and synchronization systems in this district, throughout Texas, and worldwide.

**JURISDICTION AND VENUE**

5.     This is an action for patent infringement under the patent laws of the United States, namely, 35 U.S.C. §§ 271, 281, and 284, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Dropbox because: (1) it has a corporate office in Texas; and (2) Dropbox, directly, by its own actions, and jointly, in combination with actions of customers under its control and direction, has committed acts of infringement in this district at least by making and using infringing systems and using, selling, and offering for sale infringing services.

7.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Dropbox has an established place of business in this state, located at 501 Congress Avenue, Austin, Texas 78701, and has committed acts of patent infringement in this District. Dropbox's acts of infringement in this District include, but are not limited to, making, operating, and using virtual data storage systems and providing virtual data storage services to others via www.dropbox.com.

**FACTUAL ALLEGATIONS AND UNDERLYING CLAIMS**

**Justservice's Patents**

8.     Mr. Thomas Fiducci is the founder of Justservice and the inventor of a variety of computer systems and electromechanical devices. In 2003, Mr. Fiducci recognized a need for cloud computing and file storage. He recognized the challenge that is often faced when a computer, tablet, or phone fails, or is lost or stolen, and files are lost. It was at that time that he conceived of the idea to create a browser-based virtual data storage and transfer system called Vdata.

9.     By late April 2004, Vdata was a fully functioning cloud-based system – a virtual storage system that backs-up, stores, and transfers files and one that allows users to access files

remotely, across multiple devices, and share files with multiple users. Vdata successfully removed the vulnerability of software and hardware failure by eliminating the need for personal data storage.

10.     Within the first year of Vdata's launch, hundreds of Justservice customers were using the Vdata system for storing and accessing data. By 2007, the Vdata system had generated hundreds of thousands of dollars in revenue from Justservice's customers. However, it was not long after Dropbox entered the market in 2007 and offered systems and services that copied the inventive concepts of Vdata that use of the Vdata system fell out of favor.  Today, Justservice has only one paying customer using the Vdata system.

## The Asserted Patents

11.     On February 28, 2012, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 8,126,990 ("the '990 Patent"), entitled "Data Backup and Transfer System, Method and Computer Program Product." Mr. Fiducci assigned the '990 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357 of the USPTO Assignment Database. A copy of the '990 Patent is attached hereto as Exhibit 1 and incorporated herein, in its entirety, by reference.

12.     The '990 Patent discloses a virtual data storage system and method for backing up, storing, and transferring computer data. For example, Claim 12 of the '990 Patent covers a method for a virtual data storage system to upload and download data between a virtual data storage account and a user's computer. A user can access the virtual data storage account via a website and the account user can access his or her personal virtual data storage account using an account user identification. Further, the virtual data storage system provides access across multiple devices by verifying the account user with their personal account identification.

3

13.     On June 5, 2012, the USPTO issued U.S. Patent No. 8,195,776 ("the '776 Patent")
entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program
Product." Mr. Fiducci assigned the '776 Patent to Justservice, and that Assignment is recorded at
Reel/Frame No. 028803/0357. A copy of the '776 Patent is attached hereto as Exhibit 2 and
incorporated herein, in its entirety, by reference.

14.     The '776 Patent discloses a data storage system and a means for the data storage
system to back up, store, and transfer computer data and authorize subusers access to the data. For
example, Claim 1 of the '776 Patent covers a means for the virtual data storage system to verify
each account user and after verification, display data files unique to the account user. The data
storage system transfers files to and from the user's personal computer. In addition, the virtual data
storage system provides a means for the account user to authorize subusers and set permissions for
the subusers. The data storage system instructs a user computer to no longer recognize the data
storage system when the user logs off of the data storage system.

15.     On March 5, 2013, the USPTO issued U.S. Patent No. 8,392,542 ("the '542 Patent)
entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program
Product." Mr. Fiducci assigned the '542 Patent to Justservice, and that Assignment is recorded at
Reel/Frame No. 028803/0357. A copy of the '542 Patent is attached hereto as Exhibit 3 and
incorporated herein, in its entirety, by reference.

16.     The '542 Patent discloses a virtual data storage system capable of managing
multiple user accounts. For example, Claim 1 of the '542 Patent covers a system that verifies
account user access and once verified, transfers files between the virtual data storage system and
the account user's computer. The virtual data storage system further manages multiple user
accounts whereby there is a primary account holder and subaccounts associated with the primary

account. Among other things, authorized subaccount users have file right access to subaccount files and shared account files.

17.     On August 1, 2017, the USPTO issued U.S. Patent No. 9,722,993 ("the '993 Patent"), entitled "Data Backup and Transfer System, Method and Computer Program Product." Mr. Fiducci assigned the '993 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357 of the USPTO Assignment Database. A copy of the '993 Patent is attached hereto as Exhibit 4 and incorporated herein, in its entirety, by reference.

18.     The '993 Patent discloses a virtual data storage system capable of managing multiple accounts and backing up, storing, and transferring computer data. For example, Claim 16 of the '993 Patent covers a virtual data storage system that can be displayed in a browser window and that upon verifying user access information, connects over a network to the user's computer. The virtual data storage system displays information related to the stored files and it displays, in icon view, various functions that the system is capable of performing. The virtual data storage system is also capable of uploading and downloading user selected files to and from the user's personal computer. In addition, the virtual data storage system can manage multiple user accounts and enables the account users to share files with each other, whereby there is a primary account holder and multiple subaccounts and the primary account holder has the option to set the subaccounts' file rights, such as the right to access certain file types.

19.     On August 20, 2019, the USPTO issued U.S. Patent No. 10,387,270 ("the '270 Patent"), entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Support." Mr. Fiducci assigned the '270 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 038655/0430 of the USPTO Assignment Database. A copy of the '270 Patent is attached hereto as Exhibit 5 and incorporated herein, in its entirety, by reference.

20.     The '270 Patent discloses a virtual data storage system capable of managing multiple accounts and backing up, storing, and transferring computer data. For example, Claim 1 of the '270 Patent covers a virtual data storage system with a processor coupled to a memory that transfers and stores information relating to one or more files. The virtual data storage system is capable of verifying user access to a particular user account and managing several subaccounts. The virtual storage system allows for association of a primary account with multiple subaccounts and further has functions that allow the primary account to set the subaccounts' file right permissions, such as the right to view or delete a file or add files.

21.     On November 12, 2019, the USPTO issued U.S. Patent No. 10,476,868 ("the '868 Patent") entitled "Data Backup and Transfer System, Method and Computer Program Product." Mr. Fiducci assigned the '868 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 046361/0410 of the USPTO Assignment Database. A copy of the '868 Patent is attached hereto as Exhibit 6 and incorporated herein, in its entirety, by reference.

22.     The '868 Patent, discloses a virtual data storage system capable of backing up, storing, and transferring computer data. For example, Claim 1 of the '868 Patent covers a virtual data storage system connected to a communications network that is capable of maintaining a user's virtual data storage account. The virtual data storage system verifies the user access information over the communications network and after verifying the user access information, the virtual data storage system connects to the user's personal device. Further, upon verifying the user access information, the virtual data storage systems shows information relating to files stored on the account, and various functions the virtual data storage system is capable of performing.  The virtual data storage system further allows the users to upload files from the user's computer, phone, or tablet device to the user's virtual data storage account.

**Dropbox's Products**

23.     Upon information and belief, in 2007, Dropbox began making and using a browser-based file storage and transfer system, and offering for sale and selling file storage and transfer services. Such systems evolved to include Dropbox packages provided for individuals ("Dropbox for Individuals") and businesses ("Dropbox Business") (collectively, the "Accused Systems").

24.     The Accused Systems, like Justservice's Vdata, provide a means to store and transfer files across multiple devices using a virtual server. The Accused Systems have all the elements of at least Claim 12 of the '990 Patent and Claim 1 of the '868 Patent.  All the elements of at least Claim 1 of the '776 Patent, Claim 1 of the '542 Patent, Claim 16 of the '993 Patent, and Claim 1 of the '270 Patent are present in at least Dropbox Business.

25.     With regard to Claim 12 of the '990 Patent, the Accused Systems are capable of uploading data that a user of the Accused Systems has selected from the user's personal computer and, likewise, the Accused Systems are capable of downloading data stored on the Accused Systems' virtual data storage, that the user has selected, to the user's personal computer.  The Accused Systems require the user to enter the user's personal account user identification in order to access the user's data stored on the Accused Systems' virtual data storage. Further, the Accused Systems allow a user to access the virtual data storage via a system website, www.dropbox.com, and across multiple devices by requiring the user to enter the user's personal account user identification and verifying that information.

26.     With regard to Claim 1 of the '776 Patent, Dropbox Business also provides a means for its virtual data storage system to back up, store, and transfer computer data and authorize subusers. Dropbox Business provides a means for its virtual data storage system to verify each account user, by way of an authorized email address and password, and after verification, display data files unique to the account user. Dropbox Business transfers files to and from the user's

personal computer and allows its account users to authorize subusers and set permissions for the subusers. Further, when a Dropbox user logs off, Dropbox instructs the user's computer to no longer recognize the Dropbox virtual data storage.

27.     With regard to Claim 1 of the '542 Patent, Dropbox Business is also capable of managing multiple user accounts. Dropbox Business verifies each account user before allowing access to the user's personal Dropbox Business storage account and once verified, will transfer files between the virtual data storage system and the account user's computer upon the user requesting Dropbox to "Upload" or "Download" files. Dropbox Business further allows a primary account holder to set up subaccounts and set file right access to subaccount files and shared account files.

28.     With regard to Claim 16 of the '993 Patent, Dropbox Business is also adapted to display its virtual data storage in a browser window and connect over a network to the user's computer upon verification of the user's identification.  Dropbox Business further displays information related to the stored files and displays, in icon view, various functions that Dropbox Business is capable of performing, such as upload, download, and share file functions. Dropbox Business is capable of uploading and downloading user selected files to and from the user's personal computer. Dropbox Business is also adapted to manage a plurality of user accounts whereby there is a primary account user, such as an administrator, and a subaccount, such as a team member, and the primary account user can set file right permissions for files shared with the subaccounts, such as the right to view, edit, or share the files with other users.

29.     With regard to Claim 1 of the '270 Patent, Dropbox Business also has a processor coupled to a memory and can transfer and store information. Dropbox Business verifies user access to a particular user account by requiring the user to enter login credentials such as the user's email address and password. Dropbox Business allows the holder of a user account to manage several

subaccounts where the subaccounts are associated with a particular user account. For example,. Dropbox Business allows an account user to set team administrators and team members for a particular user account, i.e. subaccounts. Dropbox Business further allows an account user to set file right permissions of the subaccounts such as the right to view or delete files.

30.     With regard to Claim 1 of the '868 Patent, the Accused Systems are virtual data storage systems that are capable of maintaining a user account. The Accused Systems require user access information, i.e. the user's email address and their Dropbox password, to access the Accused Systems' virtual data storage.  Upon verifying the user's access information, the Accused Systems display information relating to files stored on the user's account, such as the file type, and allows users of the Accused Systems to upload or download files between the Accused Systems' virtual data storage and the user's computer, mobile, or tablet device.

31.     Dropbox maintains, operates, and uses the Accused Systems and provides controlled authorization to its customers to access and use the Accused Systems via an internet browser or by downloading and using an application (software) on a user device.

32.     Specifically, as provided by Dropbox's Terms of Service, Dropbox controls customer access and use by requiring customers who want to use the Accused Systems to give Dropbox permission to host the customer's data and access the customer's computer, tablet, or mobile device. Dropbox further requires its customers to give Dropbox permission to upload, download, and share the customer's data when the customer asks Dropbox to do so.

33.     Furthermore, Dropbox controls customer access by requiring customers wishing to use the Accused Systems to create a personal account identification. Dropbox directs customers to enter their name, email address, and a password to create a personal account identification and subsequently access and use the Accused Systems.

34.     Dropbox further directs and controls the customer's use of the Accused Systems by requiring customers to use the Accused Systems in the manner designed by Dropbox. Instructions for using the Accused Systems pursuant to Dropbox's methods are found at <https://help.dropbox.com/>. For example, Customers wishing to store their data on the Accused Systems must select the upload system function on the Accused Systems and subsequently select files from the user's computer, tablet, or mobile device to upload the files to the Accused Systems, as discussed at <https://help.dropbox.com/files-folders/share/add-files>.  Likewise, customers wishing to download files must select the files and the download system function on the Accused Systems. Customers cannot use the Accused System in any way that is not provided by Dropbox.

35.     With regard to Dropbox Business, Dropbox directs how customers set up subaccounts and how customers set permissions for the accounts.   For example, <https://help.dropbox.com/learn/business-guide-get-started-admin> directs how customers can use Dropbox Business and <https://help.dropbox.com/teams-admins/admin/manage-team-sharing> directs how customers using Dropbox Business can set subaccount permissions.

36.     Therefore, Dropbox is solely responsible for infringement of the Asserted Patents by providing the infrastructure and operating systems for the Accused Systems and directing and controlling how its customers use the Accused Systems.

37.     By operating the Accused Systems and offering and providing virtual data storage to its customers, Dropbox has and is continuing to directly infringe the Asserted Patents and actively directs others to jointly infringe the Asserted Patents throughout the United States, including customers within this District.

38.     Justservice has been and will continue to suffer damages as a result of Dropbox's infringing acts.

## <u>COUNT I – INFRINGEMENT OF THE '990 PATENT</u>

39.     Justservice realleges and incorporates herein paragraphs 1 through 38.

40.     The '990 Patent includes 18 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, the Accused Systems.

41.     Dropbox also controls and directs customers' use of the Accused Systems by, among other reasons, requiring customers to utilize authorized accounts and secure identification to access and use the Accused Systems to carry out functions that perform one or more of the claim steps of one or more of the claims in the '990 Patent in manners set forth by Dropbox.

42.     Dropbox directs and controls customers' use of the Accused Systems by providing instructions to use and requiring customers use the Accused Systems in manners set forth by Dropbox.

43.     More specifically and without limitation, Dropbox has been and is infringing, either directly or under the doctrine of equivalents, at least Claim 12 of the '990 Patent by (1) making and using the Accused Systems, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, the Accused Systems in the United States.

44.     Dropbox is thus liable for direct infringement of the '990 Patent pursuant to 35 U.S.C. § 271(a).

45.     Dropbox's acts of infringement have occurred within this District and throughout the United States.

46.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

47.    As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT II – INFRINGEMENT OF THE '776 PATENT

48.    Justservice realleges and incorporates herein paragraphs 1 through 47.

49.    The '776 Patent includes 11 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least Dropbox Business.

50.    Dropbox also directs and controls customers' use of Dropbox Business by, among other things, requiring customers utilize authorized accounts and secure identification access and use Dropbox Business to carry out functions that perform one or more of the claim steps of one or more of the claims in the '776 Patent in manners set forth by Dropbox.

51.    Dropbox directs and controls customers' use of Dropbox Business by providing instructions to use and requiring customers use Dropbox Business in manners set forth by Dropbox.

52.    More specifically and without limitation, Dropbox has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '776 Patent by (1) making and using at least Dropbox Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least Dropbox Business, in the United States.

53.    Dropbox is thus liable for direct infringement of the '776 Patent pursuant to 35 U.S.C. § 271(a).

54.    Dropbox's acts of infringement have occurred within this District and elsewhere throughout the United States.

55.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

56.      As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

## <u>COUNT III – INFRINGEMENT OF THE '542 PATENT</u>

57.     Justservice realleges and incorporates herein paragraphs 1 through 56.

58.     The '542 Patent includes 16 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least Dropbox Business.

59.     Dropbox also directs and controls customers' use of Dropbox Business by, among other things, requiring customers utilize authorized accounts and secure identification access and use Dropbox Business to carry out functions that perform one or more of the claim steps of one or more of the claims in the '542 Patent in manners set forth by Dropbox.

60.     Dropbox directs and controls customers' use of Dropbox Business by providing instructions to use and requiring customers use Dropbox Business in manners set forth by Dropbox.

61.     More specifically and without limitation, Dropbox has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '542 Patent by (1) making and using at least Dropbox Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least Dropbox Business, in the United States.

62.    Dropbox is thus liable for direct infringement of the '868 Patent pursuant to 35 U.S.C. § 271(a).

63.    Dropbox's acts of infringement have occurred within this District and elsewhere throughout the United States.

64.    As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

65.    As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT IV – INFRINGEMENT OF THE '993 PATENT

66.    Justservice realleges and incorporates herein paragraphs 1 through 65.

67.    The '993 Patent includes 16 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least Dropbox Business.

68.    Dropbox also controls and directs customers' use of Dropbox Business by, among other things, requiring customers to utilize authorized accounts and secure identification to access and use Dropbox Business to carry out various functions that perform one or more of the claim steps of one or more of the claims in the '993 Patent in manners set forth by Dropbox.

69.    Dropbox directs and controls customers' use of Dropbox Business by providing instructions to use, and requiring customers use, Dropbox Business in manners set forth by Dropbox.

70.    More specifically and without limitation, Dropbox has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 16 of the '993 Patent

by (1) making and using at least Dropbox Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least Dropbox Business, in the United States.

71.     Dropbox is thus liable for direct infringement of the '993 Patent pursuant to 35 U.S.C. § 271(a).

72.     Dropbox's acts of infringement have occurred within this District and elsewhere throughout the United States.

73.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

74.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT V – INFRINGEMENT OF THE '270 PATENT

75.     Justservice realleges and incorporates herein paragraphs 1 through 74.

76.     The '270 Patent includes 15 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least Dropbox Business.

77.     Dropbox also directs and controls customers' use of Dropbox Business by, among other things, requiring customers to utilize authorized accounts and secure identification to access and use Dropbox Business to carry out functions that perform one or more of the claim steps of one or more of the claims in the '270 Patent in manners set forth by Dropbox.

78.     Dropbox directs and controls customers' use of Dropbox Business by providing instructions to use, and requiring customers use, the Dropbox Business in manners set forth by Dropbox.

79.     More specifically and without limitation, Dropbox has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '270 Patent by (1) making and using at least Dropbox Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least Dropbox Business, in the United States.

80.     Dropbox is thus liable for direct infringement of the '270 Patent pursuant to 35 U.S.C. § 271(a).

81.     Dropbox's acts of infringement have occurred within this District and elsewhere throughout the United States.

82.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

83.     As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

### COUNT VI – INFRINGEMENT OF THE '868 PATENT

84.     Justservice realleges and incorporates herein paragraphs 1 through 83.

85.     The '868 Patent includes 20 claims. Dropbox, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, the Accused Systems.

86. Dropbox also directs and controls customers' use of the Accused Systems by, among other things, requiring customers utilize authorized accounts and secure identification access and use the Accused Systems to carry out functions that perform one or more of the claim steps of one or more of the claims in the '868 Patent in manners set forth by Dropbox.

87. Dropbox directs and controls customers' use of the Accused Systems by providing instructions to use, and requiring customers use, the Accused Systems in manners set forth by Dropbox.

88. More specifically and without limitation, Dropbox has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '868 Patent by (1) making and using the Accused Systems, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, the Accused Systems, in the United States.

89. Dropbox is thus liable for direct infringement of the '868 Patent pursuant to 35 U.S.C. § 271(a).

90. Dropbox's acts of infringement have occurred within this District and elsewhere throughout the United States.

91. As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer damages. Dropbox is liable to Justservice in an amount that adequately compensates it for Dropbox's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

92. As a result of Dropbox's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm. Justservice is entitled to an injunction under 35 U.S.C. § 283.

## REQUEST FOR RELIEF

WHEREFORE, Justservice respectfully requests that this Court enter judgment as follows:

A.    Declaring Dropbox has directly infringed literally and/or under the doctrine of equivalents one or more claims of the '990, '776, '542, '993, '270, and '868 Patents;

B.    Declaring that the Asserted Patent are valid and enforceable;

C.    Ordering that Dropbox, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent and subsidiary corporations or other related entities, successors, assigns, licensees, retail distributors, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the Asserted Patents;

D.    Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty, for Dropbox's infringement;

E.    Awarding reasonable attorneys' fees against Dropbox to Justservice as provided by 25 U.S.C. § 285 or other relevant law or provision;

F.    Awarding expenses, costs, and disbursements in this action against Dropbox, including prejudgment and post-judgment interest;

G.    Awarding such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Justservice hereby demands a

trial by jury in this action of all claims so triable.

Dated:  January 30, 2020                         Respectfully submitted,

                                        By: _____
                                             Michael C. Smith (SBN 18650410)
                                             Siebman, Forrest, Burg & Smith LLP
                                             113 East Austin Street
                                             Marshall, TX  75670
                                             michaelsmith@siebman.com
                                             Telephone: 903-938-8900

                                             Attorney for Plaintiff Justservice.net LLC