**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JUSTSERVICE.NET LLC, | Civil Action No.   6:20-cv-00070-ADA |
| PLAINTIFF, | |
| v. | |
| DROPBOX, INC., | |
| DEFENDANT. | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE
<u>ALTERNATIVE, A MOTION FOR PARTIAL DISMISSAL</u>**

## <u>TABLE OF CONTENTS</u>

I.      SUMMARY OF THE ARGUMENT ..................................................................................1

II.     STATEMENT OF FACTS ...........................................................................................3

    A.      The Asserted Patents ........................................................................................3

    B.      Dropbox ..............................................................................................................3

    C.      Justservice's Complaint .....................................................................................4

III.    LEGAL STANDARD .................................................................................................9

IV.     ARGUMENT .............................................................................................................11

    1.      The '990 Patent Infringement Allegations Should Be Dismissed .............12

    2.      The '776 Patent Infringement Allegations Should Be Dismissed .............13

    3.      The '542 Patent Infringement Allegations Should Be Dismissed .............14

    4.      The '993 Patent Infringement Allegations Should Be Dismissed .............15

    5.      The '270 Patent Infringement Allegations Should Be Dismissed .............15

    6.      The '868 Patent Infringement Allegations Should Be Dismissed .............16

V.      CONCLUSION AND PRAYER FOR RELIEF ...............................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ...................................................................1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................1, 2, 9

*Baran v. Med. Device Techs., Inc.*,
  616 F.3d 1309 (Fed. Cir. 2010)...........................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................1, 2, 9

*Bot M8 LLC v. Sony Corp. of Am.*,
  No. 3:19-CV-07027, 2020 WL 418938 (N.D. Cal. Jan. 27, 2020)............................10, 11, 17

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .............11, 13, 14, 15, 16

*De La Vega v. Microsoft Corp.*,
  No. 6:19-cv-00612-ADA (W.D. Tex. Feb. 11, 2020), ECF No. 29 ............................. *passim*

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018)...........................................................................11

*Freedman Seating Co. v. Am. Seating Co.*,
  420 F.3d 1350 (Fed. Cir. 2005).........................................................................9, 10

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
  No. 3:18-CV-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018)................................10, 11

*Metricolor LLC v. L'Oreal S.A.*,
  791 F. App'x 183 (Fed. Cir. 2019) ...................................................................1, 10

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
  No. 2:19-CV-00834, 2020 WL 569880 (D. Nev. Feb. 5, 2020)............................................11

*Scripps Research Inst. v. Illumina, Inc.*,
  No. 3:16-CV-661, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016)..........................................10

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 17 (1997).................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................9

Defendant Dropbox, Inc. ("Dropbox") respectfully moves to dismiss Plaintiff Justservice.net LLC's ("Justservice's") complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Justservice has failed to plead infringement with respect to any of the six asserted patents.  To the extent the Court does not dismiss the complaint in its entirety, Dropbox respectfully moves to dismiss all counts of the complaint in which Justservice has failed to set forth a sufficient allegation of patent infringement.

## I.    SUMMARY OF THE ARGUMENT

Patent infringement requires that each element of a valid claim be met.  *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 19 (1997) ("essential inquiry" for patent infringement is, "[d]oes the accused product or process contain elements identical or equivalent to each claimed element of the patented invention?").  Thus, in order to allege infringement, the plaintiff must set forth facts supporting at least a reasonable inference that the defendant performs each and every limitation of a valid claim.  *See* Order Granting Defendant's Motion to Dismiss at 13, *De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612-ADA (W.D. Tex. Feb. 11, 2020), ECF No. 29 (dismissing direct infringement claim with prejudice for failure to meet the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), where plaintiff provided screenshots of accused technology but did not include in complaint "even a short written description of how the accused instrumentalities meet [one of the claim limitations]" of asserted patent); *see also Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177 (2019); *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Justservice's threadbare complaint does not come close to meeting this standard.  Not only does the complaint lack any images or claim charts purporting to compare the asserted claims to

1

Dropbox's technology, but even the single paragraph of conclusory allegations it does include for each patent lacks *any* factual allegations with respect to clear requirements of the claims. For example, the only asserted claim from U.S. Patent 8,126,990 (the first patent in the complaint) recites, among other things, "a second computer" "wherein the second computer is one of a repaired first computer and a replacement for the first computer." ECF No. 1-1 ('990 Patent) at claim 12. Justservice's complaint does not allege that any Dropbox service satisfies that limitation (nor could it do so in good faith). As set forth below, Justservice likewise fails to allege the presence of at least one limitation of each of the asserted claims for each of the other five asserted patents.

The complaint, therefore, fails to satisfy the pleading standard of Federal Rule of Civil Procedure Rule 8, because it does not plead facts supporting a reasonable inference that Dropbox's products meet every limitation of the exemplary claims. *See, e.g.*, *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 11-13 (dismissing complaint for failure to meet *Iqbal/Twombly* pleading standard because it was "devoid of allegations that would support an inference" that one of the claim limitations of asserted patent was performed); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."). Because Justservice has failed to plausibly allege infringement of even a single claim across its six asserted patents, Dropbox respectfully requests that this Court dismiss Justservice's complaint in full. In the alternative, should the Court find that Justservice has made a plausible allegation of infringement with respect to one or more of the asserted

patents (Justservice has not done so), Dropbox respectfully requests that this Court dismiss those counts of the complaint that fail to plausibly allege infringement.

## II.   STATEMENT OF FACTS

### A.   The Asserted Patents

Justservice's complaint asserts six patents:  U.S. Patent Nos. 8,126,990 (the "'990 Patent") 8,195,776 (the "'776 Patent"), 8,392,542 (the "'542 Patent"), 9,722,993 (the "'993 Patent"), 10,387,270 (the "'270 Patent"), and 10,476,868 (the "'868 Patent") (collectively, the "Asserted Patents").

The '990 Patent, the '993 Patent, and the '868 Patent are part of a single patent family and relate to a "data storage system" making use of a "virtual server" to manage multiple user accounts and download and upload files between the virtual server and a user's computer via specific features in the asserted claims of each patent.  *See, e.g*., ECF No. 1-1 ('990 Patent) at 9:59-10:17, FIG. 19; ECF No. 1-4 ('993 Patent) at claim 16; ECF No. 1-6 ('868 Patent) at claim 1.  The '776, '542, and '270 Patents are continuations-in-part of the '990 Patent and include additional claim limitations, such as instructing a user computer to treat the virtual storage system as a local storage device.  *See, e.g.*, ECF No. 1-2 ('776 Patent) at claim 1.  Further details about the Asserted Patents are provided below.

### B.   Dropbox

Dropbox provides a highly accessible file hosting service for people and businesses to easily back up, store, sync, and share files over the cloud.  Its services have been praised as an "epic feat of engineering" that "epitomizes the forces that have transformed the heart of the

Internet over the past decade."[1]  Dropbox offers a variety of packages with features tailored for individual users and corporate customers.  Justservice has broadly categorized Dropbox's allegedly infringing services as falling into two categories: "Dropbox for Individuals" and "Dropbox Business."[2]

## C.   Justservice's Complaint

The complaint alleges that web browser access to Dropbox for Individuals and Dropbox Business (collectively, the "Accused Systems") infringes the Asserted Patents.  Without appending any claim charts or images of the Accused Systems, the complaint includes one exemplary claim for each of the six Asserted Patents and concludes that "[t]he Accused Systems have all the elements of at least" the exemplary claims of the '990 Patent and the '868 Patent, and that Dropbox Business has "[a]ll the elements of at least" the exemplary claims of the '776, '542, '993 and '270 Patents.  Compl. ¶ 24.  In support of this assertion, Justservice provides a single paragraph for each claim purporting to explain how Dropbox's products practice that claim.  Compl. ¶¶ 24-30.

**'990 Patent:** Claim 12 of the '990 Patent concerns "a method for a system computer to upload and download data between the system computer and a plurality of account user computers," that system computer being accessible via a website.  In particular, the claim requires a "first computer" to access the system computer, "*scanning a storage device of the first computer*," and transferring the user's data files from the first computer to the system computer.

---

[1] *See* Cade Metz, *The Epic Story of Dropbox's Exodus From the Amazon Cloud Empire*, WIRED (Mar. 14, 2016), available at https://www.wired.com/2016/03/epic-story-dropboxs-exodus-amazon-cloud-empire/.

[2] While Dropbox adopts Justservice's terminology for the purpose of addressing the allegations in the complaint, Dropbox disputes this characterization of its services.  Dropbox offers several subscription packages for individuals and businesses.  The complaint does not specify which packages are included in the "Dropbox for Individuals" and "Dropbox Business" categories.

The claim further requires linking the system computer to a "*second computer*," which is either "*a repaired first computer*" or a "*replacement for the first computer*."  ECF No. 1-1 ('990 Patent) at claim 12 (emphasis added).

At paragraph 25 of the complaint, Justservice alleges that the Accused Systems infringe this claim because "the Accused Systems are capable of uploading data that a user of the Accused Systems has selected from the user's personal computer and, likewise, the Accused Systems are capable of downloading data stored on the Accused Systems' virtual data storage, that the user has selected, to the user's personal computer."  It further alleges that "the Accused Systems allow a user to access the virtual data storage via a system website, www.dropbox.com, and across multiple devices by requiring the user to enter the user's personal account user identification and verifying that information."  Compl. ¶ 25.  The complaint does not allege expressly or by implication that the system computer "scans a storage device of the first computer," nor that there is a "second computer" that is either "a repaired first computer" or a "replacement for the first computer."

**'776 Patent:** Claim 1 of the '776 Patent is written in means-plus-function language and claims "[a] data storage system for storing data files of multiple accounts on a system computer, the data files being retrievable at any account user computer having a display and storage device and operatively connected to the system computer via the Internet," comprising, in relevant part, "means to instruct the account user computer to recognize the unique data files of the system storage device for the verified account *as a local storage device* for said account user computer . . . [and a] means for instructing the account user computer to cease recognizing the system storage device for the verified account as a local storage device for the account user computer

after a logoff instruction is received by the system computer."  ECF No. 1-2 ('776 Patent) at claim 1 (emphasis added).

Justservice's complaint only alleges that Dropbox Business (and not Dropbox for Individuals) infringes the '776 Patent.  Compl. ¶ 26.  But, even with respect to Dropbox Business, the complaint does not point to a single structure allegedly present in Dropbox Business that allegedly meets any claim element.  Instead, Justservice alleges that Dropbox Business infringes this claim because it allegedly performs some of the claimed functions.  In addition to not identifying any structures that it alleges satisfies any of the means-plus-function claim limitations, the complaint does not allege expressly or by implication that Dropbox customers' computers recognize Dropbox Business as "local storage" as is also required by claim 1.

**'542 Patent:**  Claim 1 of the '542 Patent describes a data storage system that manages multiple user accounts and subaccounts by verifying login information for those accounts and ensuring each subaccount user can only access the user's own files and certain shared files.  In relevant part it requires, "a virtual server on a network managing a plurality of user accounts . . . *each* user account having a primary account user and a plurality of subaccounts, *each* of the subaccounts having file rights controlled access to subaccount files stored on the virtual server and *each* of the subaccounts having file rights controlled access to shared account files stored on the virtual server."  ECF No. 1-3 ('542 Patent) at claim 1 (emphasis added).

Justservice's complaint alleges that Dropbox Business is "capable of managing multiple user accounts.  Dropbox Business verifies each account user before allowing access to the user's personal Dropbox Business storage account and once verified, will transfer files between the virtual data storage system and the account user's computer upon the user requesting Dropbox to

'Upload' or 'Download' files.  Dropbox Business further allows a primary account holder to set up subaccounts and set file right access to subaccount files and shared account files."  Compl. ¶ 27.  The complaint does not allege, expressly or by implication, that "each" Dropbox Business account includes "a primary account user and a plurality of subaccounts" with "each of the subaccounts having file rights controlled access to subaccount files [and shared account files] stored on the virtual server."

**'993 Patent:**  Claim 16 of the '993 Patent similarly claims a data storage system that is adapted to manage multiple user accounts.  Using this system, which users access over the Internet, each user can see an icon view of the functions of the virtual server, as well as information relating to the user's stored files.  A user can also upload and download files between the user's computer and the virtual storage system.  The claim further requires, in relevant part, that "*each* user account has a primary account user and *at least one subaccount*, the at least one subaccount having file rights controlled access to subaccount files stored on the virtual server and the at least one subaccount having the file rights controlled access to shared account files stored on the virtual server, and wherein the file rights controlled access includes *limiting subaccount access to only specified file types*."  ECF No. 1-4 ('993 Patent) at claim 16 (emphasis added).

Justservice alleges that "Dropbox Business is also adapted to display its virtual data storage in a browser window and connect over a network to the user's computer upon verification of the user's identification," and that "Dropbox Business is also adapted to manage a plurality of user accounts whereby there is a primary account user, such as an administrator, and a subaccount, such as a team member, and the primary account user can set file right permissions for files shared with the subaccounts, such as the right to view, edit, or share the files with other users."

Compl. ¶ 28.  The complaint does not allege, expressly or by implication, that Dropbox Business requires each primary account to have at least one subaccount, or that Dropbox Business limits access by file type.

**'270 Patent:** Claim 1 of the '270 Patent claims in relevant part "[a] data storage system comprising: a processor coupled to a memory for implementing on a virtual server."  That virtual server is "configured to transfer, over the network, *information relating to* the one or more files stored on the virtual server in the particular user account; and to store *information relating to* one or more files received over the network in the particular user account."  ECF No. 1-5 ('270 Patent) at claim 1 (emphasis added).

Justservice alleges that "Dropbox Business also has a processor coupled to a memory and can transfer and store information.  Dropbox Business verifies user access to a particular user account by requiring the user to enter login credentials such as the user's email address and password.  Dropbox Business allows the holder of a user account to manage several subaccounts where the subaccounts are associated with a particular user account.  For example,[] Dropbox Business allows an account user to set team administrators and team members for a particular user account, i.e. subaccounts.  Dropbox Business further allows an account user to set file right permissions of the subaccounts such as the right to view or delete files."  Compl. ¶ 29.  The complaint does not include any allegation, expressly or by implication, that Dropbox Business is configured to transfer "*information relating to* the one or more files stored on the virtual server in the particular user account" or to store "*information relating to* one or more files received over the network in the particular user account."

**'868 Patent:**  Claim 1 of the '868 Patent describes a virtual storage system on a server that is configured to verify user access information and then "transmit to the client device for display,

*information identifying first system functions of the virtual server*," along with information relating to that user's files.  ECF No. 1-6 ('868 Patent) at claim 1 (emphasis added).  The user can then upload a file from the user's device by choosing one of the system functions to initiate the transmittal of the file to the virtual server.  *Id.*

Justservice alleges that "the Accused Systems are virtual data storage systems that are capable of maintaining a user account.  The Accused Systems require user access information, i.e. the user's email address and Dropbox password, to access the Accused Systems' virtual data storage.  Upon verifying the user's access information, the Accused Systems display information relating to files stored on the user's account, such as the file type, and allows users of the Accused Systems to upload or download files between the Accused Systems' virtual data storage and the user's computer, mobile, or tablet device."  Compl. ¶ 30.  The complaint does not include, expressly or by implication, any allegation that Dropbox's Accused Systems includes functionality to "display[] information identifying first system functions of the virtual server."

## III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent."  *Freedman*

9

*Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005).  To state a claim for relief

for patent infringement, *Iqbal/Twombly* therefore requires that a plaintiff plausibly allege that

each and every limitation of at least one claim of each asserted patent is met by the accused

products.  *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13; *see also Metricolor*, 791 F.

App'x at 188 (plaintiff failed to sufficiently plead a claim of patent infringement where it did not

allege that accused products contained all of the limitations in the asserted claims).

Conclusory allegations that an accused product meets all limitations of an asserted claim

are insufficient; rather, the facts must permit "a plausible inference that an accused device meets

all the limitations of the asserted claims." *Lexington Luminance LLC v. Serv. Lighting & Elec.*

*Supplies, Inc.*, No. 3:18-CV-01074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) ("bare

conclusory allegations" that device met all limitations of asserted claim were insufficient under

*Twombly* and *Iqbal*; "[a]dditional factual information, at least pleaded on information and

belief," was necessary); *Scripps Research Inst. v. Illumina, Inc.*, No. 3:16-CV-661, 2016 WL

6834024, at *6 (S.D. Cal. Nov. 21, 2016) (to meet *Iqbal/Twombly's* standard, "[p]laintiff must

simply provide sufficient factual allegations concerning how each limitation of the asserted

claims is *plausibly* met by the accused products") (emphasis in original).  Accusations "without

explanation as to the *how* or *why* these products infringe . . .  do[] not lead to any inference that

plaintiff may be entitled to relief." *Bot M8 LLC v. Sony Corp. of Am.*, No. 3:19-CV-07027, 2020 WL 418938, at *1 (N.D. Cal. Jan. 27, 2020) (internal citation omitted) (emphasis in original).[3]

## IV.  ARGUMENT

Justservice does not plead facts sufficient to support an inference that any Accused System infringes any claim of any of its six Asserted Patents.  Without "factual content indicating how [Defendant's] software practices each element of the patented [inventions]," Justservice's allegations cannot support a plausible claim of infringement.  *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 2:19-CV-00834, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020); *see also De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13.  Therefore, the complaint does not satisfy the pleading standard articulated in *Iqbal* and *Twombly* and should be dismissed in its entirety pursuant to Rule 12(b)(6).  *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13.

As described in further detail below, Justservice has failed to adequately allege the presence in Dropbox's Accused Systems of at least one claim limitation for each of its exemplary Asserted Patent claims.  For these missing limitations, Justservice, like the plaintiff in *De La Vega*, failed to provide "even a short written description of how the accused

---

[3] While sparser factual allegations may suffice for simple, mechanical technologies, more facts are required where, as here, the technology at issue is more complex.  *Compare Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that for a spinal brace, it was enough for plaintiff to identify the accused products, attach photographs of product packaging and state that claim limitations were met) *with Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (finding *Disc Disease* inapposite and concluding that screenshots of accused software and conclusory allegations that each limitation was met were insufficient); *Lexington Luminance*, 2018 WL 10425908, at *1 (explaining that *Disc Disease* is inapposite to patents involving more complex technology); *see also Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 2:19-CV-00834, 2020 WL 569880, at *2 (D. Nev. Feb. 5, 2020) (explaining that *Disc Disease* does not abrogate the requirement that "the complaint must provide factual content indicating that the accused product infringes each limitation of at least one claim of the patent in suit").

instrumentalities meet [the limitations]" of the exemplary claims. *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13 (dismissing infringement claim with prejudice for failure to meet *Iqbal/Twombly*'*s* pleading standard).

Justservice's failure to address limitations in each exemplary claim is not a harmless oversight; rather, it is indicative of the lack of factual basis for Justservice's allegations that Dropbox's products infringe any of Justservice's Asserted Patents.  For example, for Claim 1 of the '776 Patent, one limitation conspicuously missing from the allegations in the complaint is a "means to instruct the account user computer to recognize the unique data files of the system storage device for the verified account *as a local storage device*."  ECF No. 1-2 ('776 Patent) at claim 1 (emphasis added).  Justservice attempts to obscure this shortcoming by alleging that, when a Dropbox Business user *logs off*, Dropbox Business "instructs the user's computer to no longer recognize the Dropbox virtual data storage"; but strikingly does not—and cannot—complete that allegation with any indication that the user's computer had *ever* recognized Dropbox Business virtual storage "*as a local storage device*."  Compl. ¶ 26.  Justservice's allegation of infringement with respect to each of the exemplary asserted claims is similarly deficient and should be dismissed.

### 1.     The '990 Patent Infringement Allegations Should Be Dismissed

Asserted claim 12 of the '990 Patent requires "*scanning* a storage device of the first computer" and "linking the system computer with a second computer via the Internet, *wherein the second computer is one of a repaired first computer and a replacement for the first computer*."  ECF No. 1-1 ('990 Patent) at claim 12 (emphasis added).  Justservice's complaint fails to include any factual allegation that these claim limitations are satisfied by the Accused Systems.  Instead, Justservice merely alleges that the Accused Systems can upload and download data between a user's personal computer and Dropbox's virtual storage system.  Compl. ¶ 25.

Even if accepted as true (which Dropbox does not concede), these facts would not be sufficient to show that the Accused Systems infringe Claim 12. Accordingly, the infringement allegations with respect to the '990 Patent should be dismissed. *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300, 2018 WL 6981828, at *1-2 (E.D. Tex. Dec. 11, 2018).

### 2. The '776 Patent Infringement Allegations Should Be Dismissed

Asserted claim 1 of the '776 Patent is written in means-plus function language under 35 U.S.C. § 112 ¶ 6 (pre-AIA). ECF No. 1-2 ('776 Patent) at claim 1. It requires that an infringing data storage system provide a "means to instruct the account user computer to ***recognize*** the unique data files of the system storage device for the verified account ***as a local storage device*** for said account user computer . . . [and a] means for instructing the account user computer to cease recognizing the system storage device for the verified account ***as a local storage device*** for the account user computer after a logoff instruction is received by the system computer." *Id.* (emphasis added).

Justservice's allegations for claim 1 of the '776 Patent are fatally deficient in at least two key respects. ***First***, "[i]n order to prove literal infringement of a means-plus-function claim, the plaintiff must show that the accused device performs the recited function ***through structure that is the same as or equivalent to the corresponding structure set forth in the specification***." *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316-17 (Fed. Cir. 2010) (emphasis added). But Justservice merely alleges Dropbox Business provides "a means" for its virtual data storage system to back up, store, and transfer computer data and authorize subusers and "a means" for its virtual data storage system to verify each account user, "and after verification, display data files unique to the account user." Compl. ¶ 26. Justservice's complaint fails to identify any ***structure*** with which Dropbox Business allegedly carries out these claimed functions. Thus, even

accepting that Justservice's allegations as to the ***functions*** performed by Dropbox Business are true (which they are not), because Justservice makes no allegations as to the ***structures*** that perform those functions, Justservice has failed to plead fully *one-half* of each claim limitation.

**Second**, Justservice fails to plead that Dropbox Business meets the claimed function that the user computer recognize the storage system as a "**local** storage" device.  *See* Compl. ¶ 26 (emphasis added).  The complaint alleges that upon logoff, the Dropbox user's computer "no longer recognize[s] the Dropbox virtual data storage," Compl. ¶ 26, but is otherwise silent as to any recognition of the virtual storage system by the user's computer as being "local storage."  *Id.* This allegation omits a key part of the asserted claim: that the virtual storage device be recognized ***as a local*** storage device.  Thus, even if accepted as true (which Dropbox does not concede), the facts alleged in the complaint would not be sufficient to show that Dropbox Business infringes claim 1.  Accordingly, the infringement allegations with respect to the '776 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

### 3.    The '542 Patent Infringement Allegations Should Be Dismissed

Asserted claim 1 of the '542 Patent requires "a virtual server on a network managing a plurality of user accounts, each user account including one or more files; ***each user account having*** a primary account user and ***a plurality of subaccounts***, ***each*** of the ***subaccounts having file rights controlled access***."  ECF No. 1-3 ('542 Patent) at claim 1 (emphasis added). Justservice alleges that Dropbox Business is "capable of managing multiple user accounts," and "further allows a primary account holder to set up subaccounts and set file right access to subaccount files and shared account files."  Compl. ¶ 27.  Even if accepted as true (which Dropbox does not concede), these facts would not be sufficient to show that Dropbox Business infringes claim 1 because Justservice has not alleged in its complaint that ***each*** of Dropbox

14

Business's user accounts ***must have*** a primary account and multiple subaccounts with file rights controlled access, nor can it make that allegation in good faith.  Therefore, the infringement allegations with respect to the '542 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

### 4.       The '993 Patent Infringement Allegations Should Be Dismissed

To infringe claim 16 of the '993 Patent, (1) ***each*** user account of the Accused Systems must have a primary account user and, like Claim 1 of the '542 Patent, ***at least one subaccount*** and (2) each subaccount's ***access to certain file types must be limited***.  ECF No. 1-4 ('993 Patent) at claim 16.  As with the '542 Patent allegations, Justservice does not (and cannot) allege that each primary account user of the Accused Systems ***must*** have ***at least one subaccount***. Moreover, the complaint does not, and could not in good faith, allege that Dropbox allows, let alone requires, access to be limited to certain ***file types***.  The complaint merely states that Dropbox account administrators can select some – unspecified – access permissions for subaccounts.  Compl. ¶ 28.  However, the claim language clearly requires limiting access ***by file type***.  Thus, Justservice's vague statements cannot support a reasonable inference that all limitations are met.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.  Accordingly, even if accepted as true (which Dropbox does not concede), the pleaded facts would not be sufficient to show that the Accused Systems infringe claim 16.  Justservice therefore fails to state a plausible claim for infringement of the '993 Patent.

### 5.       The '270 Patent Infringement Allegations Should Be Dismissed

Claim 1 of the '270 Patent includes the limitation that a data storage system be configured to transfer ***information relating to*** files stored in a user account, and to store ***information relating to*** files received over the network in a user account.  ECF No. 1-5 ('270 Patent) at claim

1.  Nowhere in the complaint does Justservice plead or suggest that Dropbox Business is configured to transfer "information relating to" files stored in a user account or store "information relating to" files received over the network in a user account.  Thus, even if accepted as true (which Dropbox does not concede), the pleaded facts would not show that Dropbox Business infringes claim 1.  Therefore, the infringement allegations with respect to the '270 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

### 6.      The '868 Patent Infringement Allegations Should Be Dismissed

Finally, claim 1 of the '868 Patent requires a virtual server configured to transmit to the client device for display "***information identifying first system functions of the virtual server***." ECF No. 1-6 ('868 Patent) at claim 1 (emphasis added).  Justservice merely alleges that once a user logs into the Accused Systems, the user is met with a display of information "relating to files stored on the user's account," and at that point can "upload or download files."  Compl. ¶ 30.  There is no allegation or suggestion in the complaint that the Accused Systems transmit to the customer's computer for display "information identifying first system functions of the virtual server."  Thus, the facts Justservice pleaded, even if taken as true (which Dropbox does not concede), would not be sufficient to show that the Accused Systems infringe claim 1.  Therefore, the infringement allegations with respect to the '868 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

## V.    CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Justservice has not set forth facts sufficient to show that it has a plausible basis for its claims of infringement of any of the six patents asserted.  Dropbox, accordingly, respectfully requests dismissal of the complaint pursuant to Rule 12(b)(6).

Alternatively, if this Court finds that Justservice has not sufficiently pled infringement for only some of the patents, Dropbox respectfully requests dismissal of those counts pursuant to Rule 12(b)(6). *See Bot M8*, 2020 WL 418938, at \*2-6 (dismissing some counts of patent infringement for failure to meet *Iqbal*/*Twombly* standard).

Dated: <u>April 6, 2020</u>              Respectfully submitted,

                                           By:      <u>*/s/ J. Stephen Ravel*</u>
                                                    J. Stephen Ravel
                                                    Texas State Bar No. 16584975
                                                    KELLY HART & HALLMAN LLP
                                                    303 Colorado, Suite 2000
                                                    Austin, Texas 78701
                                                    Tel: (512) 495-6429
                                                    Email: steve.ravel@kellyhart.com

                                                    Gregory H. Lantier (*Pro Hac Vice* to come)
                                                    DC Bar No. 492043
                                                    Virginia State Bar No. 65657
                                                    New York State Bar No. 4823217
                                                    WILMER CUTLER PICKERING HALE
                                                    & DORR LLP
                                                    1875 Pennsylvania Avenue
                                                    Washington DC 20006
                                                    Tel: (202) 663-6327
                                                    Email: gregory.lantier@wilmerhale.com

                                                    Monica Grewal (*Pro Hac Vice* to come)
                                                    Massachusetts State Bar No. 659449
                                                    Connecticut State Bar No. 414009
                                                    Yvonne Lee (*Pro Hac Vice* to come)
                                                    Massachusetts State Bar No. 687623
                                                    Rian Rossetti (*Pro Hac Vice* to come)
                                                    Massachusetts State Bar No. 703878
                                                    WILMER CUTLER PICKERING HALE
                                                    & DORR LLP
                                                    60 State Street
                                                    Boston, Massachusetts 02109
                                                    Tel: (617) 526-6223

17

Tel: (617) 526-6692
Tel: (617) 526-6168
Email: monica.grewal@wilmerhale.com
Email: yvonne.lee@wilmerhale.com
Email: rian.rossetti@wilmerhale.com

Liv Herriot (*Pro Hac Vice* to come)
California State Bar No. 267694
WILMER CUTLER PICKERING HALE
& DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel: (650) 858-6138
Email: liv.herriot@wilmerhale.com

**ATTORNEYS FOR DEFENDANT
DROPBOX, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

18