# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| JUSTSERVICE.NET LLC, | Civil Action No.     6:20-cv-00070-ADA |
| PLAINTIFF, | |
| v. | |
| DROPBOX, INC., | |
| DEFENDANT. | |

## DEFENDANT'S MOTION TO DISMISS COUNTS I, II, III, IV, AND VI OF PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

I.     SUMMARY OF THE ARGUMENT ...................................................................................1

II.    STATEMENT OF FACTS ..............................................................................................2

     A.     The Asserted Patents..........................................................................................2

     B.     Dropbox .............................................................................................................3

     C.     Justservice's Original Complaint and Dropbox's First Motion to Dismiss............3

     D.     Justservice's Amended Complaint........................................................................4

III.   LEGAL STANDARD......................................................................................................9

     A.     *Iqbal/Twombly* Rule 8 Pleading Standard for Patent Infringement .......................9

     B.     The Pleadings ....................................................................................................10

IV.    ARGUMENT .................................................................................................................11

     A.     Count I (the '990 Patent) Should Be Dismissed Because Justservice Fails to
           Plead Facts To Support a Divided Infringement Theory. ....................................12

     B.     Count II (the '776 Patent) Should Be Dismissed Because Justservice Fails
           to Plead that Dropbox's Accused Systems Perform Any of the Claims'
           Required Software Algorithms. ...........................................................................13

     C.     Count III (the '542 Patent) Should Be Dismissed Because Justservice Does
           Not Allege That "Each User Account" Includes "A Plurality of
           Subaccounts" with Each Subaccount "Having File Rights Controlled
           Access." ............................................................................................................16

     D.     Count IV (the '993 Patent) Should Be Dismissed Because Justservice Fails
           to Set Forth Facts to Support an Allegation that Subaccount Access Can Be
           Restricted According to "File Type." ..................................................................17

     E.     Count VI (the '868 Patent) Should Be Dismissed Because Justservice Fails
           to Allege that Dropbox Transmits "Information Identifying First System
           Functions."........................................................................................................19

V.     CONCLUSION AND PRAYER FOR RELIEF ...............................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)............................................................................12

*Aristocrat Techs. Austr. Pty Ltd. v. Int'l Gaming Tech.*,
   521 F.3d 1328 (Fed. Cir. 2008)............................................................................15

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ........................................................................1

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................1, 9, 10, 19

*Baran v. Med. Device Techs., Inc.*,
   616 F.3d 1309 (Fed. Cir. 2010)............................................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................1

*Biomedino, LLC v. Waters Techs. Corp.*,
   490 F.3d 946 (Fed. Cir. 2007)............................................................................13

*Blackboard, Inc. v. Desire2Learn, Inc.*,
   574 F.3d 1371 (Fed. Cir. 2009)............................................................................15

*Bot M8 LLC v. Sony Corp. of Am.*,
   No. 3:19-cv-07027, 2020 WL 418938 (N.D. Cal. Jan. 27, 2020)...........................20

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-cv-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ...............10, 16, 17, 19, 20

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
   632 F.3d 148 (5th Cir. 2010) ..............................................................................14

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ..............................................................................11

*De La Vega v. Microsoft Corp.*,
   No. 6:19-cv-00612-ADA (W.D. Tex. Feb. 11, 2020), ECF No. 29 ............................. *passim*

*DIFF Scale Operation Research, LLC v. Maxlinear, Inc.*,
   No. 1:19-cv-2109, 2020 WL 2220031 (D. Del. May 7, 2020) ...............................18

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018)..................................................................................10

*Ergo Licensing LLC v. CareFusion 303, Inc.*,
    673 F.3d 1361 (Fed. Cir. 2012)..................................................................................15

*Finisar Corp. v. DirecTV Grp., Inc.*,
    523 F.3d 1323 (Fed. Cir. 2008)..................................................................................15

*Franks v. Prudential Health Care Plan, Inc.*,
    164 F. Supp. 2d 865 (W.D. Tex. 2001).......................................................................11

*Freedman Seating Co. v. Am. Seating Co.*,
    420 F.3d 1350 (Fed. Cir. 2005)..................................................................................10

*In re Katz Interactive Call Processing Patent Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)..................................................................................15

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 3:18-cv-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) .........................10

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2017)..................................................................................13

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) ...............................................................................1

*Muttathottil v. Gordon H. Mansfield*,
    381 F. App'x 454 (5th Cir. 2010) ..............................................................................11

*Noah Sys., Inc. v. Intuit Inc.*,
    675 F.3d 1302 (Fed. Cir. 2012)..................................................................................15

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
    No. 2:19-cv-00834, 2020 WL 569880 (D. Nev. Feb. 5, 2020).............................11, 12

*Rucker v. Harlequin Enters., Ltd.*,
    No. 4:12-cv-01135, 2013 WL 707922 (S.D. Tex. Feb. 26, 2013) ............................11

*Scripps Research Inst. v. Illumina, Inc.*,
    No. 3:16-cv-661, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016)..............................10

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997).........................................................................................................1

*U.S. ex rel. Wilkins v. N. Am. Const. Corp.*,
    173 F. Supp. 2d 601 (S.D. Tex. 2001) ....................................................................9, 10

iii

**Federal Statutes**

35 U.S.C. § 112 ¶ 6.................................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).............................................................................................................1

Fed. R. Civ. P. 8.......................................................................................................................9

Defendant Dropbox, Inc. ("Dropbox") respectfully moves to dismiss counts I, II, III, IV, and VI of Plaintiff Justservice.net LLC's ("Justservice's") amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), because Justservice has failed to plead infringement with respect to the patents asserted in those counts.

## I.    SUMMARY OF THE ARGUMENT

Patent infringement requires that each element of a valid claim be met. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 19 (1997) ("essential inquiry" for patent infringement is, "[d]oes the accused product or process contain elements identical or equivalent to each claimed element of the patented invention?"). Thus, in order to allege infringement, the plaintiff must set forth facts supporting at least a reasonable inference that the defendant performs each and every limitation of a valid claim. *See* Order Granting Defendant's Motion to Dismiss at 13, *De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612-ADA (W.D. Tex. Feb. 11, 2020), ECF No. 29 (dismissing direct infringement claim with prejudice for failure to meet the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), where plaintiff failed to provide facts supporting an inference that the accused instrumentalities met one of the claim limitations of the asserted patent); *see also Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177 (2019); *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. When the allegations of the complaint, even taken as true, would not entitle the plaintiff to relief, dismissal is warranted. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 556.

In Counts I-IV and VI, Justservice's amended complaint does not set forth facts supporting a reasonable inference that Dropbox infringes. Even after Dropbox demonstrated in its original Motion to Dismiss (ECF No. 14) that Justservice's original complaint (ECF No. 1) failed to

plead certain limitations with respect to each of the Asserted Patents, the amended complaint *still* fails to adequately plead several of the *same* limitations.  Moreover, for some of the patents, the allegations themselves demonstrate that Justservice's infringement theory is not cognizable under the law.

Because Justservice has failed to plausibly allege infringement of at least five of its asserted patents, Dropbox respectfully requests that this Court dismiss counts I, II, III, IV, and VI of the amended complaint for failure to plausibly allege infringement.

## II.    STATEMENT OF FACTS

### A.    The Asserted Patents

Justservice's amended complaint asserts claims from six patents:  U.S. Patent Nos. 8,126,990 (the "'990 Patent"), 8,195,776 (the "'776 Patent"), 8,392,542 (the "'542 Patent"), 9,722,993 (the "'993 Patent"), 10,387,270 (the "'270 Patent"), and 10,476,868 (the "'868 Patent") (collectively, the "Asserted Patents").  For the five patents Dropbox moves to dismiss, Justservice asserts one "independent" claim.

The '990, '993 and '868 Patents are part of a single patent family and relate to a "data storage system" making use of a "virtual server" to manage multiple user accounts and download and upload files between the virtual server and a user's computer via specific features in the asserted claims of each patent.  *See, e.g*., ECF No. 26-1 ('990 Patent) at 9:59-10:17, FIG. 19; ECF No. 26-4 ('993 Patent) at claim 16; ECF No. 26-6 ('868 Patent) at claim 1.  The '776, '542, and '270 Patents are continuations-in-part of the '990 Patent and include additional claim limitations, such as instructing a user's computer to treat the virtual storage system as a local storage device.  *See, e.g.*, ECF No. 26-2 ('776 Patent) at claim 1.  Further details about the Asserted Patents are provided below.

### B.     Dropbox

Dropbox provides a highly accessible file hosting service for people and businesses to easily back up, store, sync, and share files over the cloud.  Its services have been praised as an "epic feat of engineering" that "epitomizes the forces that have transformed the heart of the Internet over the past decade."[1]  Dropbox offers a variety of subscription packages with features tailored for individual users and for businesses and other teams.  Justservice has broadly categorized Dropbox's allegedly infringing services as falling into two categories: "Dropbox for Individuals" and "Dropbox Business"[2] (collectively, the "Accused Systems").

### C.     Justservice's Original Complaint and Dropbox's First Motion to Dismiss

Justservice's original complaint asserted the same six patents that are asserted in its amended complaint.  In the original complaint, Justservice neither appended claim charts nor included images of the Accused Systems.  In support of its assertions of infringement, Justservice provided a single paragraph for each asserted claim purporting to explain how Dropbox's products practice that claim.  Compl. ¶¶ 24-30.  Dropbox moved to dismiss all asserted patents in that complaint.  ECF No. 14 at 1.  In support of its original motion to dismiss, Dropbox identified at least one missing limitation for each of the asserted patents and explained how Justservice's allegations were deficient with respect to each missing limitation.  *Id.* at 12-16.

Rather than respond to the motion to dismiss, Justservice filed its amended complaint.

---

[1] *See* Cade Metz, *The Epic Story of Dropbox's Exodus From the Amazon Cloud Empire*, WIRED (Mar. 14, 2016), available at https://www.wired.com/2016/03/epic-story-dropboxs-exodus-amazon-cloud-empire/.

[2] While Dropbox adopts Justservice's terminology for the purpose of addressing the allegations in the amended complaint, Dropbox notes that the amended complaint does not specify which of Dropbox's subscription packages are included in its "Dropbox for Individuals" and "Dropbox Business" categories. Dropbox reserves the right to dispute Justservice's categorization.

**D.      Justservice's Amended Complaint**

Like the original complaint, the amended complaint alleges that web browser access to the Accused Systems infringes the Asserted Patents.  Am. Compl. at ¶¶ 25, 30.  Once again (and despite the opportunity for a do-over), Justservice elected not to include even a single claim chart mapping any accused technology to any asserted claim in its amended complaint, and instead to include only barebones allegations.  Justservice has also included in its amended complaint what appear to be screenshots from the Dropbox website.[3]

The amended complaint asserts exemplary claims for each of the six Asserted Patents and concludes that "[t]he Accused Systems have all the elements of at least Claims 12-15 of the '990 Patent and Claims 1-2 of the '868 Patent," and that Dropbox Business has "[a]ll the elements of at least Claims 1-2 of the '776 Patent, Claims 1-3 of the '542 Patent, Claim 16 of the '993 Patent, Claims 1-3 and 6-12 of the '270 Patent, and Claim 6 of the '868 Patent."  Am. Compl. ¶ 30. However, because Justservice asserts only one "independent" claim in each patent that Dropbox moves to dismiss, from which all other asserted claims depend, its failure to assert infringement of those independent claims warrants dismissal of the corresponding patents.[4]

**'990 Patent:**  Asserted independent claim 12 of the '990 Patent claims:

[a] ***method*** for a system computer to upload and download data between the system computer and a plurality of account user computers . . . comprising the steps, for each user account:

> **linking** the system computer to a first computer via the Internet;
>
> *receiving* an account user identification from the first computer;
>
> *verifying* the account user identification, and if verified, scanning a storage device of the first computer,

---

[3] Justservice does not identify the origin of these screenshots in its amended complaint.

[4] Dropbox does not infringe any claim of the '270 Patent, but does not seek dismissal on the pleadings of Justservice's Count V (the '270 Patent) in this motion.

*downloading* selected unique user data files from the first computer storage device and storing the unique user data files on the system computer storage device,

**linking** the system computer with a second computer via the Internet, wherein the second computer is one of a repaired first computer and a replacement for the first computer, the second computer having a second computer storage device;

*receiving* an account user identification from the second computer;

*verifying* the account user identification, and if verified;

*uploading* at least a portion of the selected unique user data files stored on the system computer storage device to the second computer storage device.

ECF No. 26-1 ('990 Patent) at claim 12 (emphasis added).  Asserted claims 13-15 depend from claim 12.  *Id.* at claims 13-15.

Justservice's amended complaint alleges that the Accused Systems meet claim 12 because they: (1) are "capable of uploading data that a user of the Accused Systems has selected … [and] are capable of downloading data stored on the Accused Systems' virtual data storage, that the user has selected ….", (2) "require the user to enter the user's personal account user identification from the user's computer in order to access the user's data stored on the Accused Systems' virtual data storage," and (3) "allow *a user's computer to link* with and access the virtual data storage via a system website, … *by requiring the user to enter the user's personal account user identification* … and verifying that information."  Am. Compl. at ¶¶ 31-32 (emphasis added).

**'776 Patent:**  Claim 1 of the '776 Patent is written in "means-plus-function" language under pre-AIA 35 U.S.C. § 112 ¶ 6 and includes eight means-plus-function claim limitations.  It recites "[a] data storage system for storing data files of multiple accounts on a system computer, the data files being retrievable at any account user computer having a display and storage device and operatively connected to the system computer via the Internet," comprising, in relevant part, "***means*** for storing and selectively retrieving data files for each respective account . . . ***means*** for the system computer to verify account user information for each account user computer seeking

access to the system computer over the Internet . . . ***means*** for the system computer to display on

the account user computer display a list of unique data files on the system computer storage

device for and only for the verified account and a list of data files stored on the user computer

storage device . . . ***means*** to instruct the account user computer to recognize the unique data files

of the system storage device for the verified account as a local storage device for said account

user computer . . . ***means*** for transferring files from the account user computer storage device to

the system computer storage device and transferring files from the system computer storage

device to the account user computer storage device . . . ***means*** for authorizing one or more

subusers of the account, and file rights control ***means*** for limiting the permissions that such

subusers have to the account . . . and ***means*** for instructing the account user computer to cease

recognizing the system storage device for the verified account as a local storage device for the

account user computer after a logoff instruction is received by the system computer."  ECF No.

26-2 ('776 Patent) at claim 1 (emphasis added).  Asserted claim 2 depends from claim 1.  *Id.* at

claim 2.

Justservice's amended complaint only alleges that Dropbox Business provides a "software

means" or "Dropbox software" to carry out the claimed functions or that it performs functions

"by means of software."  Am. Compl. ¶ 37.  Justservice does not identify any software ***algorithm***

disclosed in the '776 Patent that is allegedly performed by Dropbox Business.

**'542 Patent:**  Claim 1 of the '542 Patent describes a data storage system that manages

multiple user accounts and subaccounts by verifying login information for those accounts and

ensuring each subaccount user can only access the user's own files and certain shared files.  In

relevant part it requires, "a virtual server on a network managing a plurality of user accounts . . .

***each*** user account having a primary account user ***and a plurality of subaccounts***, ***each*** of the

subaccounts having file rights controlled access to subaccount files stored on the virtual server and *each* of the subaccounts having file rights controlled access to shared account files stored on the virtual server."  ECF No. 26-3 ('542 Patent) at claim 1 (emphasis added).  Asserted claims 2 and 3 depend from claim 1.  *Id.* at claims 2, 3.

Justservice alleges in its amended complaint that "a plurality of Dropbox Business user accounts also have a primary account user and further include one or more user subaccounts, managed by at least one account administrator . . . with the ability to grant, limit and deny subaccounts access to shared files or subaccount files."  Am. Compl. ¶ 39.

**'993 Patent:**  Claim 16 of the '993 Patent similarly claims a data storage system that is adapted to manage multiple user accounts.  Using this system, which users access over the Internet, each user can see an icon view of the "system functions" of the virtual server, as well as information relating to the user's stored files.  A user can also upload and download files between the user's computer and the virtual storage system.  The claim further requires, in relevant part, that "*each* user account has a primary account user and *at least one subaccount*, the at least one subaccount having file rights controlled access to subaccount files stored on the virtual server and the at least one subaccount having the file rights controlled access to shared account files stored on the virtual server, and wherein the file rights controlled access includes *limiting subaccount access to only specified file types*."  ECF No. 26-4 ('993 Patent) at claim 16 (emphasis added).

Justservice alleges that "a plurality of Dropbox Business user accounts also have a primary account user and further include one or more user subaccounts," Am. Compl. ¶ 39, and that "Dropbox enables account holders to limit access by file type by limiting particular users or non-owners' access to certain file types or folders, including granting access to files shared by a

particular user." *Id.* ¶ 43.  In support of the latter allegation, Justservice cites two user

instruction pages from the Dropbox website,[5] and includes one screenshot.  *Id.*  The instructions

explain that "Dropbox granular file permissions give you the power to control ***who can access***

***folders and files***, and what kind of access permissions they have for each one," Lantier Decl. at

Ex. 1 (emphasis added), and that "[a]dmins can . . . set different rules for shared folders and

shared links."  *Id.* at Ex. 2.  The annotated screenshot displays a .pdf icon, a folder icon, and a

spreadsheet icon, each associated with a set of user icons, but does not suggest that any user's

access can be limited to only certain file types, such as only to Adobe Portable Document Format

(.pdf).  Am. Compl. ¶ 43.

**'868 Patent:**  Claim 1 of the '868 Patent describes a virtual storage system on a server that

is configured to verify user access information and then "transmit to the client device for ***display,***

***information identifying first system functions of the virtual server***," along with information

relating to that user's files.  ECF No. 26-6 ('868 Patent) at claim 1 (emphasis added).  The user

can then upload a file from the user's device by choosing one of the system functions to initiate

the transmittal of the file to the virtual server.  *Id.*  Asserted claims 2 and 6 depend from claim 1.

*Id.* at claims 2, 6.  Claim 6 further adds that the virtual storage system is configured to "connect

to a second client device …" and "transmit to the second client device for display, information

identifying ***second system functions of the virtual server, the second system functions different***

***from the first system functions***."  *Id.* at claim 6 (emphasis added).

In support of its infringement allegation for claim 1, Justservice states that "[u]pon

verifying the user's access information, the Accused Systems display information relating to files

---

[5] Justservice did not attach either document to its amended complaint.  Both documents are
attached to the declaration of Gregory H Lantier ("Lantier Decl.") as Exhibit 1 (*File permissions
and management* ("*File permissions*")) and Exhibit 2 (*How can I customize security in Dropbox
Business?* ("*Customize security*")).

stored on the user's account, such as the file type, and allows users of the Accused Systems to upload or download files between the Accused System's virtual data storage and the user's computer, mobile, or tablet device."  Am. Compl. ¶ 49.  The amended complaint continues, "[t]he Accused System displays through a web browser a menu of available functions that can be performed by the virtual server, such as the upload of files, that are configured to allow users to upload files."  *Id.*  Finally, the amended complaint includes what appears to be a screenshot from the Dropbox web platform, purporting to depict a "[w]indow showing files on computer that Dropbox has scanned for possible upload," accompanied by a screenshot from Dropbox instructions explaining how to upload a file or folder.  *Id.*  The complaint provides only one example of a function—an image showing an option to upload documents—without identifying that as a ***first system function***, and provides no screenshots or examples of the purported "menu" showing more than one possible function.

## III.   LEGAL STANDARD

### A.   *Iqbal*/*Twombly* **Rule 8 Pleading Standard for Patent Infringement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  In evaluating a motion to dismiss, "the court need not accept as true 'conclusory' allegations or allegations of inferences that are contradicted by the facts pleaded or set out in the exhibits attached to or incorporated in the pleading."  *U.S. ex rel. Wilkins v. N. Am. Const. Corp.*, 173 F. Supp. 2d 601, 617 (S.D. Tex. 2001), *overruled on other grounds*, 575 F.3d 458, 469 (5th Cir. 2009).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.  In determining plausibility, the court must "draw on its judicial experience and common sense." *Id.* at 679.

Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent." *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005).  To state a claim for relief for infringement, *Iqbal/Twombly* requires a plaintiff plead facts supporting a plausible inference that each and every limitation of at least one claim of an asserted patent is met by the accused products.[6]  *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13; *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-cv-01074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) ("bare conclusory allegations" that device met all limitations of asserted claim were insufficient under *Iqbal/Twombly*); *Scripps Research Inst. v. Illumina, Inc.*, No. 3:16-cv-661, 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) (to meet *Iqbal/Twombly* standard, plaintiff must provide "sufficient factual allegations concerning how each limitation of the asserted claims is *plausibly* met by the accused products") (emphasis in original).

## B.    The Pleadings

In determining whether a complaint states a claim upon which relief may be granted, a court can look only to the pleadings and any documents attached as exhibits to the pleadings. *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 871 (W.D. Tex. 2001).  While "[a] plaintiff is under no obligation to include pertinent documents as exhibits to his complaint,"

---

[6] The more complex the technology at issue, the more facts which must be pleaded to support a plausible inference of infringement.  *Compare Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that for a spinal brace, it was enough for plaintiff to identify the accused products, attach photographs of product packaging and state that claim limitations were met) *with Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (finding *Disc Disease* inapposite to hardware and software patents at issue and concluding that screenshots of accused software purporting to show how each element of the claim was met were insufficient).

*id.* at 871 (internal citations omitted), documents referenced in the complaint but not attached as exhibits are not considered part of the pleadings. *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010).

However, "when a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, a defendant may introduce the exhibit as part of his motion attacking the pleading." *Franks*, 164 F. Supp. 2d at 872 (internal quotations omitted). Once introduced by the Defendant, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotations omitted). Examples of purported infringement are considered central to a plaintiff's infringement claim and may be considered when attached to a motion to dismiss. *See Rucker v. Harlequin Enters.*, *Ltd*., No. 4:12-cv-01135, 2013 WL 707922, at *1 (S.D. Tex. Feb. 26, 2013).

## IV.   ARGUMENT

Justservice does not plead facts sufficient to support an inference of patent infringement with respect to at least five of the six Asserted Patents. As described in further detail below, for each of the '990, '776, '542, '993, and '868 Patents, Justservice fails to plausibly allege that Dropbox performs at least one limitation of the asserted claims. For the missing limitations, Justservice, like the plaintiff in *De La Vega*, failed to provide sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 3, 13 (quoting *Iqbal*, 556 U.S. at 678). Justservice's allegations, therefore, cannot support a plausible claim of infringement. *See id.* at 13; *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 2:19-cv-00834, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020) ("factual content indicating how [Defendant's] software practices each element of the patented [inventions]" necessary to support a plausible infringement claim).

11

Therefore, Counts I-IV, and VI of the amended complaint should be dismissed.  *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 13.

A.    **Count I (the '990 Patent) Should Be Dismissed Because Justservice Fails to Plead Facts To Support a Divided Infringement Theory.**

Asserted claim 12 of the '990 Patent is a method claim, which Justservice alleges Dropbox directly or indirectly infringes.  But, as Justservice's amended complaint itself acknowledges, no single party allegedly performs all steps of the claimed method.  Instead, at least two of the steps of the method are allegedly performed by Dropbox customers, while the remaining steps are allegedly performed by Dropbox.

Specifically, claim 12 requires "linking the system computer to a first computer via the Internet," and "linking the system computer with a second computer via the Internet, wherein the second computer is one of a repaired first computer and a replacement for the first computer, the second computer having a second computer storage device."  ECF No. 26-1 ('990 Patent) at claim 12.  The amended complaint asserts that these "linking" steps are performed by a customer who seeks to access Dropbox's services, not by Dropbox.  Am. Compl. at ¶¶ 32, 34 ("the Accused Systems *allow a user's computer to link* with and access the virtual data storage via a system website" and that "Dropbox *enables a user* to access files stored on the Dropbox data storage from a replaced or repaired second computer [if the customer should elect to do so].") (emphasis added).

Infringement of a method claim by the combined actions of two or more different parties is referred to as "divided infringement."  *See, e.g.*, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).  Where a divided infringement theory is the basis for liability, "the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction

and control" over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 6 (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)).  Justservice neither alleges that Dropbox directs or controls the performance of the "linking" steps by the users of the Accused Products, nor that Dropbox and its customers form a joint enterprise.  *See Lyda*, 838 F.3d at 1339.  As in *De La Vega*, Justservice "fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege any facts in support of the same."  No. 6:19-cv-00612-ADA, ECF No. 29 at 6.  Therefore, the infringement allegations with respect to the '990 Patent should be dismissed.

> **B.** **Count II (the '776 Patent) Should Be Dismissed Because Justservice Fails to Plead that Dropbox's Accused Systems Perform Any of the Claims' Required Software Algorithms.**

Asserted claim 1 of the '776 Patent is directed to computer software and is written in means-plus-function language pursuant to 35 U.S.C. § 112 ¶ 6 (pre-AIA).  ECF No. 26-2 ('776 Patent) at claim 1.  Section 112 ¶ 6 allows a patentee to express an element of a claim "as a means or step for performing a specified function . . . and such claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof."  35 U.S.C. § 112 ¶ 6 (pre-AIA).  The statute thus establishes a *quid pro quo* whereby a patentee may claim an element using generic "means" language for performing a function (rather than describing in the words of the claim itself the structure used), but if it does so, the patent's specification must disclose structure capable of performing that function, and the scope of the claims is limited by that disclosure.  *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 948 (Fed. Cir. 2007).

Claim 1 of the '776 Patent includes ***eight*** mean-plus-function claim limitations.  It requires that an infringing data storage system provide:

> *means* for storing and selectively retrieving data files for each respective account . . . *means* for the system computer to verify account user information for each account user computer seeking access to the system computer over the Internet . . . *means* for the system computer to display on the account user computer display a list of unique data files on the system computer storage device for and only for the verified account and a list of data files stored on the user computer storage device . . . *means* to instruct the account user computer to recognize the unique data files of the system storage device for the verified account as a local storage device for said account user computer . . . *means* for transferring files from the account user computer storage device to the system computer storage device and transferring files from the system computer storage device to the account user computer storage device . . . *means* for authorizing one or more subusers of the account, and file rights control *means* for limiting the permissions that such subusers have to the account . . . [and] *means* for instructing the account user computer to cease recognizing the system storage device for the verified account as a local storage device for the account user computer after a logoff instruction is received by the system computer.

ECF No. 26-2 ('776 Patent) at claim 1 (emphasis added).  Asserted claim 2 is dependent and thus also includes these limitations.  *Id.* at claim 2.

As Dropbox set forth in its original motion to dismiss, to state a claim of infringement of claim 1 of the '776 Patent, Justservice was required to allege both that the accused software performs the claimed functions *and* that it does so through the claimed structure(s).  ECF No. 14 (Motion to Dismiss) at 13-14; *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) (citing *Twombly*, 550 U.S. at 555-56) ("plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"); *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316-17 (Fed. Cir. 2010) ("In order to prove literal infringement of a means-plus-function claim, the plaintiff must show that the accused device performs the recited function *through structure . . .* .") (emphasis added).  It did not do so in its original complaint.  *See* Compl. ¶ 26.

The only change Justservice makes in its amended complaint is to add allegations that, for each of the claimed functions, Dropbox Business performs the recited functions with "software."  Am. Compl. ¶ 37 (alleging for each of the eight claimed functions that Dropbox

Business either (1) provides a "software means" to carry out the claimed function, (2) uses "Dropbox software" to carry out the claimed function, or (3) performs the claimed function "by means of software.").  But Federal Circuit precedent is clear that generic "software" is insufficient to constitute the claimed structure for performing a claimed function.  Instead, if there are functions claimed pursuant to § 112 ¶ 6 that are performed by a computer or microprocessor, then there must be, for *each* function, a disclosed software *algorithm* that the computer performs to accomplish the function.  *See Ergo Licensing LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1364 (Fed. Cir. 2012); *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1318-19 (Fed. Cir. 2012); *Aristocrat Techs. Austr. Pty Ltd. v. Int'l Gaming Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008).[7]  "Simply reciting 'software' without providing some detail about the means to accomplish the function is not enough."  *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1340-41 (Fed. Cir. 2008); *see also Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1384 (Fed. Cir. 2009).  In order to comply with Federal Circuit precedent, the amended complaint therefore had to allege that Dropbox performs *algorithms* disclosed in the '776 Patent for performing the claimed functions, not merely recite that Dropbox performs the claimed functions

---

[7] The narrow exception to this rule—that the specification need not disclose an algorithm when the function "can be achieved by any general purpose computer without special programming"— does not apply here because at least some of the means-plus-function limitations in claim 1 of the '776 patent recite functions that *do* require special programming in order for a general-purpose computer to carry them out, such as "means for the system computer to verify account user information for each account user computer seeking access to the system computer over the Internet."  *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011); ECF No. 26-2 ('776 Patent) at claim 1; *see also Ergo Licensing*, 673 F.3d at 1365 ("It is only in the rare circumstances where any general-purpose computer without any special programming can perform the function that an algorithm need not be disclosed.").

using "software."  It did not do so.[8]  Therefore, the infringement allegations with respect to the

'776 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-

13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

> **C.     Count III (the '542 Patent) Should Be Dismissed Because Justservice Does Not Allege That "Each User Account" Includes "A Plurality of Subaccounts" with Each Subaccount "Having File Rights Controlled Access."**

Asserted claim 1 of the '542 Patent requires "a virtual server on a network managing a

plurality of user accounts, each user account including one or more files; ***each user account***

***having*** a primary account user and ***a plurality of subaccounts***, ***each*** of the ***subaccounts having***

***file rights controlled access***."  ECF No. 26-3 ('542 Patent) at claim 1 (emphasis added).

Asserted claims 2 and 3 are dependent and thus also include this limitation.  *Id.* at claims 2, 3.

Justservice alleges in its amended complaint that "a ***plurality*** of Dropbox Business user

accounts also have a primary account user and further include ***one or more*** user subaccounts,

managed by at least one account administrator . . . with the ability to grant, limit and deny

subaccounts access to shared files or subaccount files."  Am. Compl. at ¶ 39 (emphasis added).

But even if accepted as true (which Dropbox does not concede), these alleged facts would not set

forth a claim that Dropbox Business infringes, because Justservice does not allege that ***each*** of

the Dropbox Business user accounts has a primary account ***and*** "***a plurality*** of subaccounts,"[9]

each of those subaccounts with file rights controlled access, as expressly required by the claims.

To the contrary, Justservice alleges that each of the plurality of primary accounts includes "one

---

[8] The amended complaint also fails to plead facts supporting a plausible inference that the Accused Products provide the "means to instruct the account user computer to recognize the unique data files of the system storage device for the verified account ***as a local storage device***" (ECF No. 26-2 ('776 Patent) at claim 1 (emphasis added)), a deficiency that Dropbox explained in detail in its original Motion to Dismiss.  *See* ECF No. 14 at 13-14.

[9] Notably, asserted claim 1 of the '542 Patent is narrower than asserted claim 16 of the '993 Patent in this regard.  Claim 16 requires only that each account include "at least one" subaccount, not "a plurality" as required in the '542 Patent.  *See* Section IV.D.

or more" subaccounts and that for each subaccount there is an "ability" to control access, not that access must be controlled as required by the language of the claims.

That a plurality of Dropbox Business user accounts have at least one subaccount, even if true, would not suffice to meet this limitation because "one" subaccount is not "*a plurality* of subaccounts." Therefore, because the amended complaint lacks "even a short written description" specifying that *each* Dropbox Business user account has a *plurality* of subaccounts, *each* having file rights controlled access, the infringement allegations with respect to the '542 Patent should be dismissed. *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 3, 13; *see also Chapterhouse*, 2018 WL 6981828, at *1-2.

> **D.     Count IV (the '993 Patent) Should Be Dismissed Because Justservice Fails to Set Forth Facts to Support an Allegation that Subaccount Access Can Be Restricted According to "File Type."**

Asserted claim 16 of the '993 Patent requires that each of a plurality of user accounts features "at least one" subaccount, with "the at least one subaccount having file rights controlled access to subaccount files . . ., and wherein *the file rights controlled access includes limiting subaccount access to only specified file types*." ECF No. 26-4 ('993 Patent) at claim 16 (emphasis added). In other words, on its face, the claim requires that subaccount access can be limited to particular "file types" – *e.g.*, that a subaccount has permission to access Microsoft Word (.doc) files, but not Adobe Portable Document Format (.pdf) files.

In its original motion to dismiss, Dropbox identified that Justservice had failed to plead this claim limitation and that it could not in good faith plead it. ECF No. 14 (Motion to Dismiss) at 15. In its amended complaint, Justservice (1) adds a wholly conclusory statement that "Dropbox enables account holders to limit access by file type by limiting particular users or non-owners' access to certain file types or folders, including granting access to files shared by a particular user," Am. Compl. ¶ 43, and (2) cites user instructions from Dropbox's website. *Id*.

Neither addresses the deficiency already identified by Dropbox.  First, where "the Complaint largely parrot[s] back the language of the . . . claim element[] and then states that the accused product meets [that] limitation[]," *DIFF Scale Operation Research, LLC v. Maxlinear, Inc.*, No. 1:19-cv-2109, 2020 WL 2220031, at *2 (D. Del. May 7, 2020) (internal quotations omitted), that is insufficient to plausibly allege infringement.  Second, Justservice's citations to Dropbox documents, without explanation as to "*why* they render its allegations plausible," do not remedy that deficiency.  *Id.* (emphasis in original) (dismissing complaint despite citations to data sheets and materials describing the accused products for failure to provide further explanation).

Indeed, Justservice could not have provided such an explanation for the Dropbox documents it cites because those documents—which comprise user instructions from Dropbox's website—demonstrate that Dropbox's software does *not* permit subaccounts access to be limited to only certain file types.  While the *File permissions* (Lantier Decl. at Ex. 1) and the *Customize security* (*id.* at Ex. 2) instructions may support an inference that the Accused Systems allow account holders to control subaccount access to particular ***files or folders***, neither document suggests or implies that Dropbox Business enables an account holder to control access by ***file type*** (i.e., give a subaccount holder permission to .doc files but not .pdf files).  *See id.* at Ex. 1 (*File permissions*) ("Dropbox granular file permissions give you the power to control ***who can access folders and files***, and what kind of access permissions they have for each one.") (emphasis added); *id.* at Ex. 2 (*Customize security*) ("Admins can . . . set different rules for shared folders and shared links.").  The only other support that Justservice provides for these allegations is a screenshot of unidentified origin, which Justservice modifies in an attempt to suggest it shows "[s]ubaccounts granted access to specific file types."  Am. Compl. ¶ 43.



*Id.* (red text and arrows are annotations added by Justservice).  However, this screenshot does not

support that assertion; there is absolutely no indication that the symbols appearing to depict a

.pdf and a spreadsheet show that users are restricted by the primary account holder to only access

those file types.

Because the screenshot, and the *File permissions* and *Customize security* webpages

(Lantier Decl. at Exs. 1, 2) do not give rise to a plausible inference that the Accused Systems

allow account holders to limit subaccount access by ***file type***, the amended complaint cannot

support a reasonable inference that all limitations are met.  *Iqbal*, 556 U.S. at 678.  Justservice

therefore fails to state a plausible claim for infringement of the '993 Patent.  *See De La Vega*,

No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

**E.**     **Count VI (the '868 Patent) Should Be Dismissed Because Justservice Fails to Allege that Dropbox Transmits "Information Identifying First System Functions."**

Finally, asserted claim 1 of the '868 Patent requires a virtual server configured to "transmit

to the client device for ***display***, ***information identifying first system functions of the virtual***

***server***."  ECF No. 26-6 ('868 Patent) at claim 1 (emphasis added).  Asserted claims 2 and 6 are

dependent and thus also include that limitation.  *Id.* at claims 2, 6.

None of the facts alleged by Justservice support an inference that the Accused Systems are

configured to transmit to the client device for ***display***, ***information identifying first system***

***function<u>s</u> [plural] of the virtual server***.  Rather, the amended complaint alleges that "[t]he

19

Accused System displays . . . a menu of available functions that can be performed by the virtual server, such as the upload of files," and its supporting screenshot displays only a ***single function*** that the Accused Systems are configured to display—the upload of files.  Am. Compl. ¶ 49.  But a single function is not the same as "functions."  This shortcoming is made even more stark by the amended complaint's failure to define, identify, or even mention any "***second system functions different from the first system functions***" that the virtual server is configured to transmit for display to a second client device, as required by claim 6.  *See* ECF No. 26-6 ('868 Patent) at claim 6 (emphasis added); *De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 10 n.9, 12-13 (noting plaintiff's failure to contextualize the terms used in the missing limitation with respect to the accused instrumentality).

Thus, the facts Justservice pleads, even if taken as true (which Dropbox does not concede), would not show that the Accused Systems (or Dropbox Business alone) infringe the '868 Patent.  Therefore, the infringement allegations with respect to the '868 Patent should be dismissed.  *See De La Vega*, No. 6:19-cv-00612-ADA, ECF No. 29 at 12-13; *Chapterhouse*, 2018 WL 6981828, at *1-2.

## V.    CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Justservice has not set forth facts sufficient to show that it has a plausible basis for its claims of infringement of five of the six patents asserted.  Dropbox, accordingly, respectfully requests dismissal of counts I-IV and VI of the amended complaint pursuant to Rule 12(b)(6).  *See Bot M8 LLC v. Sony Corp. of Am.*, No. 3:19-cv-07027, 2020 WL 418938, at *2-6 (N.D. Cal. Jan. 27, 2020) (dismissing some counts of patent infringement for failure to meet *Iqbal/Twombly* standard).

Dated: May 18, 2020

Respectfully submitted,

*J. Stephen Ravel*

J. Stephen Ravel
Texas State Bar No. 16584975
**KELLY HART & HALLMAN LLP**
303 Colorado St., Ste. 2000
Austin, TX 78701
Telephone: (512) 495-6400
Fax: (512) 495-6401
steve.ravel@kellyhart.com

Gregory H. Lantier (admitted *Pro Hac Vice*)
DC Bar No. 492043
Virginia State Bar No. 65657
New York State Bar No. 4823217
**WILMER CUTLER PICKERING HALE & DORR LLP**
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

Monica Grewal (admitted *Pro Hac Vice*)
Massachusetts State Bar No. 659449
Connecticut State Bar No. 414009
Yvonne Lee (admitted *Pro Hac Vice*)
Massachusetts State Bar No. 687623
Rian Rossetti (admitted *Pro Hac Vice*)
Massachusetts State Bar No. 703878
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6223
Tel: (617) 526-6692
Tel: (617) 526-6168
Email: monica.grewal@wilmerhale.com
Email: yvonne.lee@wilmerhale.com
Email: rian.rossetti@wilmerhale.com

Liv Herriot (admitted *Pro Hac Vice*)
California State Bar No. 267694
**WILMER CUTLER PICKERING HALE & DORR LLP**
950 Page Mill Road

21

Palo Alto, California 94304
Tel: (650) 858-6138
Email: liv.herriot@wilmerhale.com

**ATTORNEYS FOR DEFENDANT
DROPBOX, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 18, 2020,  all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system in accordance with Local Rule CV-5.

*/s/ J. Stephen Ravel*
J. Stephen Ravel