**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JUSTSERVICE.NET LLC,<br>an Illinois company,<br><br>               Plaintiff,<br>v.<br><br>DROPBOX, INC.,<br>a Delaware corporation,<br><br>              Defendant. | Civil Action No.: <u>6:20-CV-00070-ADA</u><br><br>      **JURY TRIAL DEMANDED** |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................iii

I.      INTRODUCTION.................................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................... 2

        A.      Justservice And Vdata .............................................................................. 2

        B.      Justservice's Amended Complaint ........................................................... 2

        C.      Justservice's Infringement Contentions ................................................... 3

III.    LEGAL STANDARD ........................................................................................... 3

        A.      *Iqbal/Twombly* Rule 8 Pleading Standard For Patent Infringement............... 3

IV.     ARGUMENT ........................................................................................................ 4

        A.      Count I: Justservice Properly Alleges Direct
                And Divided Infringement Of The '990 Patent ........................................ 5

                1.      Dropbox Directly Infringes the '990 Patent............................. 5

                2.      Dropbox Directs and Controls User Actions ........................... 7

        B.      Count II: Justservice Has Sufficiently Pled That The
                Accused Systems' Software Provides A Means For  Performing
                The Claimed Functions Of The '776 Patent ............................................ 8

        C.      Count III: Justservice Has Sufficiently Pled Multi-User Dropbox
                Business Accounts Infringe Asserted Claims Of The '542 Patent ................ 11

        D.      Count IV: Justservice Has Sufficiently Pled That Dropbox
                Business Enables Primary Account Holders to Limit Subuser
                Access to Specified File Types as Required by the '993 Patent ..................... 13

        E.      Count VI: Justservice Has Sufficiently Pled That The Accused
                Systems Provide The Claimed Functions Of The '868 Patent ...................... 15

        F.      Leave To Amend Would Be More Appropriate Relief Than Dismissal ........ 16

V.      CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ........................................................ 8

*Al-Site Corp. v. VSI Int'l, Inc.*,
   174 F.3d 1308 (Fed. Cir. 1999) ........................................................ 9

*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*,
   521 F.3d 1328 (Fed. Cir. 2008) ........................................................ 9

*Baran v. Med. Device Techs., Inc.*,
   616 F.3d 1309 (Fed. Cir. 2010) ........................................................ 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................ 3

*Centillion Data Sys., LLC v. Qwest Communs. Int'l*,
   631 F.3d 1279 (Fed. Cir. 2011) .................................................... 6, 7

*Clear with Computs., LLC v. Hyundai Motor Am., Inc.*,
   No. 6:09 CV 479, 2011 U.S. Dist.
   LEXIS 65315 (E.D. Tex. June 14, 2011)....................................... 5

*De La Vega v. Microsoft Corp.*,
   No. 6:19-cv-00612-ADA
   (W.D. Tex. Feb. 11, 2020)......................................................... 1, 16

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ............................................. 3, 13, 16

*Ergo Licensing, LLC v. CareFusion 303, Inc.*,
   673 F.3d 1361 (Fed. Cir. 2012) ........................................................ 8

*Frac Shack Inc. v. Afd Petroleum Tex.*,
   No. 7:19-cv-00026-DC, 2019 U.S. Dist. LEXIS
   141118 (W.D. Tex. June 13, 2019)............................................ 1, 5, 10

*Gibson v. City of Chicago*,
   910 F.2d 1510 (7th Cir. 1990) ....................................................... 10

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) .............................................. passim

*Noah Sys. Inc. v. Intuit Inc.*,
   675 F.3d 1302 (Fed. Cir. 2012) ........................................................ 8

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) ........................................................................................ 6

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ...................................................................................... 11

*Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*,
   422 F. Supp. 3d 1191 (W.D. Tex. 2019) ....................................................................... 4, 9

*Vitronics Corp. v. Conceptronic*,
   90 F.3d 1576 (Fed. Cir. 1996) ...................................................................................... 14

*Welker Bearing Co. v. PHD, Inc.*,
   550 F.3d 1090 (Fed. Cir. 2008) ...................................................................................... 9

**Statutes**

35 U.S.C. § 112 ................................................................................................................ 9

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Justservice.Net LLC ("Justservice") hereby responds to Defendant Dropbox, Inc.'s ("Dropbox") Motion to Dismiss Counts I, II, III, IV, and VI of Justservice's Amended Complaint (ECF No. 29, the "Motion") as follows:

## I.    INTRODUCTION

Justservice's Amended Complaint (ECF No. 26) provides Dropbox, the Court and the public with sufficient notice of the nature and scope of Dropbox's infringing activities.  Undeterred, Dropbox's Motion offers a mixed bag of purported defects in Justservice's Amended Complaint. But Dropbox 1) looks past many relevant averments in the Amended Complaint that squarely rebut its assertions, 2) prematurely raises issues of claim construction and patent validity, and 3) improperly demands that Justservice prove the merits of its case at the pleadings stage. Justservice's Amended Complaint more than satisfies the notice requirements of Fed. R. Civ. P. 8.

This case is unlike *De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612-ADA (W.D. Tex. Feb. 11, 2020) because the Amended Complaint is not a mere recitation of conclusory allegations. Instead, this case is analogous to *Frac Shack Inc. v. Afd Petroleum Tex.*, No. 7:19-cv-00026-DC, 2019 U.S. Dist. LEXIS 141118 (W.D. Tex. June 13, 2019) because the pleadings provide detailed notice of what Dropbox activity is accused of infringement.  Before the Motion was filed, Justservice timely served preliminary infringement contentions that add further detail regarding Dropbox's infringing activities.  Despite this detailed disclosure, Dropbox remains unsatisfied. Rather than considering the totality of Justservice's Amended Complaint and timely infringement contentions, Dropbox filed the instant Motion.  Dropbox's Motion should be denied.

II.    **STATEMENT OF FACTS**

A.    **Justservice And Vdata**

Mr. Thomas Fiducci is the founder of Justservice and the inventor of a variety of computer systems and electromechanical devices.   Historically, Justservice principally operated an electronics repair shop.  Mr. Fiducci conceived of the idea to create a browser-based storage and transfer system called Vdata after witnessing firsthand his customers' despair from losing data when their computing devices crashed.  By 2004, Vdata was a fully functioning cloud-based system that protected users from data loss by securely backing up data offsite to protect it from loss or hardware failure.  Mr. Fiducci also foresaw the need for users to have remote access to personal data across multiple devices and to share files with others—all functions that he built into Vdata.  Hundreds of customers were using Vdata within the first year of launch.  To protect Mr. Fiducci's invention, Justservice sought patent protection and has been granted six patents covering the Vdata technology:   U.S. Patent Nos. 8,126,990 ("the '990 Patent"), 8,195,776 ("the '776 Patent"), 8,392,542 ("the '542 Patent"), 9,722,993 ("the '993 Patent"), 10,387,270 ("the '270 Patent"), and 10,476,868 ("the '868 Patent") (collectively, the "Asserted Patents").  Unfortunately, after Dropbox and other infringing alternatives entered the market, Vdata began losing customers. Today, Vdata has only one paying customer.

B.    **Justservice's Amended Complaint**

Justservice's original Complaint was challenged by Dropbox through its original Motion to Dismiss (ECF. No. 14).  Out of an abundance of caution and to avoid the waste and delay of unnecessary motion practice, Justservice addressed the points raised in that Motion through the filing of an Amended Complaint.  That Amended Complaint (ECF No. 26) alleges infringement of the Asserted Patents against Dropbox for its provision of identified services to individuals ("Dropbox for Individuals") and businesses ("Dropbox Business") (collectively, the "Accused

Systems"). *See* Ex. J, *Choose the right Dropbox for you and your business*, DROPBOX, https://www.dropbox.com/plans?trigger=nr (last visited May 5, 2020). It details Dropbox's infringement by quoting Dropbox's statements about its service, excerpting Dropbox's webpages showing the accused functionality, and citing to additional information, all of which provide more than fair notice as to how the Accused Systems infringe the Asserted Patents. Indeed, the adequacy of the Amended Complaint is established by the minor nature of arguments raised in Dropbox's second Motion to Dismiss, as below documented.

### C.     Justservice's Infringement Contentions

Justservice served its preliminary infringement contentions on May 15, 2020, three days before Dropbox filed its renewed Motion. These supplement the Amended Complaint by laying out in detail how Dropbox's Accused Systems meet each limitation of the asserted claims. Indeed, these contentions specifically recite how Dropbox's accused services infringe when presented via a browser, a desktop computer, and mobile device apps. Exs. A-F.[1] At this point, Dropbox knows why and how it infringes.

## III.    LEGAL STANDARD

### A.     *Iqbal/Twombly* Rule 8 Pleading Standard For Patent Infringement

A plaintiff must allege "enough fact to raise a reasonable expectation that discovery will" lead to evidence that supports its claims. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal quotation marks omitted); *Nalco Co. v. Chem-Mod*, LLC, 883 F.3d

---

[1] Exhibits A-F were previously served upon Dropbox with Justservice's Preliminary Infringement Contentions, consecutively page numbered 1-61. For reference, the page numbers have been maintained as originally produced.

1337, 1350 (Fed. Cir. 2018) ("[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.").

As this Court has previously recognized, Rule 12(b)(6) motions to dismiss are disfavored and are seldom granted in the Fifth Circuit. *Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019). Courts will not dismiss a claim under the rule "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Id.* (internal quotations omitted). "[I]t must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief." *Id.*

The detailed Amended Complaint in this case meets the *Iqbal/Twombly* standard and is enough to show a plausible claim for relief for all Asserted Patents. [2]

## IV.   ARGUMENT

Dropbox argues Justservice failed to sufficiently plead facts establishing its infringement of five of the six Asserted Patents: the '990 Patent, '776 Patent, '542 Patent, '993 Patent, and '868 Patent. Specifically, Dropbox maintains that the '990 Patent requires users to perform a step of asserted claim 12, with the Amended Complaint failing to allege that Dropbox controls and directs that user activity. Dropbox also asserts that, because claim 1 of the '776 Patent includes mean-plus-function elements, Justservice was required to identify the Dropbox algorithms that perform the claimed functions. Next, Dropbox alleges the asserted claim of the '542 Patent requires each and every Dropbox Business account to include a plurality of subaccounts, but such was not alleged. For the '993 Patent, Dropbox alleges the asserted claims require that file rights access be controlled by "specified file types," which is then allegedly synonymous with "file extension" and,

---

[2] If the Court deems the current Amended Complaint insufficient on detail, Justservice would gladly incorporate its claim charts into a Second Amended Complaint, and requests leave to so do if deemed necessary by the Court.

4

as such, Justservice has failed to allege facts that show Dropbox users have the ability to limit subaccount access by file extension.  Dropbox finally argues that the images and cited webpages in the Amended Complaint do not show multiple system functions of the virtual server as required by asserted claim 1 of the '868 Patent.

Where they do not fail on their own terms or ignore the allegations of the Amended Complaint, Dropbox's arguments depend on legally incorrect constructions of claim terms.  *Frac Shack*, 2019 U.S. Dist. LEXIS 141118, at *10 ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.").  Justservice has pled sufficient facts to plausibly allege that Dropbox's Accused Systems infringe the Asserted Patents.

### A.      Count I: Justservice Properly Alleges Direct And Divided Infringement Of The '990 Patent

Dropbox argues "no single party allegedly performs all steps of the claimed method" and that the Amended Complaint "acknowledges" that Dropbox customers perform some of the claimed steps but fails to plead sufficient facts showing that Dropbox directs and controls these customer activities and thus does not properly plead a claim for divided infringement.  *See* ECF No. 29 at 17-18.[3]  This is simply incorrect—Dropbox misinterprets the '990 Patent's asserted claims—they do not require an actor beyond Dropbox.  But even if they did, the Amended Complaint sufficiently alleges Dropbox's direction and control of its users' relevant actions.

### 1.      Dropbox Directly Infringes the '990 Patent

Dropbox carries out all required steps of the asserted '990 Patent claims.  As written, these claims focus on the actions of the "system computer," not the user.  *See Clear with Computs., LLC v. Hyundai Motor Am., Inc.*, No. 6:09 CV 479, 2011 U.S. Dist. LEXIS 65315, at *9 (E.D. Tex. June 14, 2011) (holding evidence related to divided infringement unnecessary and granting

---

[3] All page citations to filed documents are to the CM/ECF pagination, not the document page numbers.

summary judgment for patentee where the "claims do not require user actions").  Each of the claimed actions—linking, receiving, verifying, scanning, downloading, and uploading—are actions carried out by Dropbox through its servers.  Amended Complaint, ECF No. 26, at ¶¶ 31-36.

As required, Justservice provides factual allegations supporting this straightforward theory of direct infringement by Dropbox.  Indeed, instead of "parroting" the claim language into a conclusory allegation of infringement, Justservice properly describes the factual predicates for its infringement contentions.  For instance, Justservice alleged the claimed linking step is performed by Dropbox when it "allow[s] a user's computer to link with and access the virtual data storage via a system website."  Amended Complaint, ECF No. 26, at ¶ 32.  By forming a link back to the user's computer by use of its server and website, Dropbox performs the claimed step of "linking the system computer to a first computer via the Internet."  '990 Patent, ECF No. 26-1, p. 29, at claim 12; *Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) ("We hold that to 'use' a system for purposes of infringement, a party must put the invention into service, i.e., control the system as a whole and obtain benefit from it." (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005))).  The same is true of the other steps: Dropbox receives a user's login information and verifies it, Dropbox scans the user's computer through its website and downloads files from the user's computer, and Dropbox later repeats these same steps with the second computer.  Amended Complaint, ECF No. 26, ¶¶ 33-34.[4]

[4] The Amended Complaint does allege certain facts about user behavior because the Accused Systems necessarily interface with end user devices.  These facts provide context and background to the infringing steps carried out by Dropbox when it interacts with user devices, including when those steps result from a user's action.  For example, Justservice alleges that "users, including Dropbox customers, replace their computers over time and others experience failures that require service or replacement of their computer."  Amended Complaint, ECF No. 26, ¶ 34.  These allegations are true but have nothing to do with satisfying a claimed step of an asserted claim.  Rather these facts provide background to an infringing step carried out by Dropbox when it interacts with devices resulting from a user's action, i.e., a "second computer [that] is one of a

6

The claims can be directly infringed by Dropbox acting alone, as specifically alleged by Justservice. ECF No. 26, ¶¶ 64-65. Such claims are sufficiently pled and should not be dismissed.

### 2.  Dropbox Directs and Controls User Actions

The Amended Complaint also establishes that Dropbox controls its customers actions—both as a practical matter and by legal obligation. Thus and out of an abundance of caution, Justservice also alleged sufficient facts to establish that Dropbox infringes the '990 Patent under a theory of divided infringement. Specifically, Justservice alleges in six paragraphs[5] the legal and practical means by which Dropbox directs and controls user activity.[6] Amended Complaint, ECF No. 26, ¶¶ 52-57. These include (1) contractual obligations created by Dropbox's terms of service and privacy policy, (2) complete control over the system computers and the manner in which customers can use and access them to derived benefits, and (3) directions Dropbox provides its customers on how they can and must use its services.

For example, its terms of service require those wishing to use the Accused Systems to "give Dropbox permission to host the customer's data and access the customer's computer, tablet, or mobile device." ECF No. 26, ¶ 53 (*citing Terms of Service*, DROPBOX, https://www.dropbox.com/privacy?trigger=_footer#terms (last visited Apr. 24, 2020) (attached hereto as Ex. K)).[7] Contractual obligations, such as those in Dropbox's terms of service and

---

repaired first computer and a replacement for the first computer." '990 Patent, ECF No. 26-1, p. 30, at claim 12. Repair or replacement of a user's computer may be necessary to create the predicates to Dropbox's infringement, but it is not a step required to prove direct infringement by Dropbox of the well written method claims asserted.

[5] The Amended Complaint specifically incorporates these control allegations with respect to the '990 Patent in Count I. *See* Amended Complaint, ECF No. 26, ¶¶ 60, 62.

[6] In its Motion, Dropbox appears to deny that any such allegations exist. ECF No. 29 at 18 ("Justservice neither alleges that Dropbox directs or controls the performance of the 'linking' steps by the users of the Accused Products, nor that Dropbox and its customers form a joint enterprise.").

[7] Justservice does not quote and analyze Dropbox's terms of service and privacy for the simple reason that the text is constantly changing. Ultimately, the upshot of each service agreement version is the same—users can only use Dropbox in the specific ways that Dropbox allows and users must provide Dropbox with access to their equipment.

privacy policy, are sufficient to show that a party controls another for the purposes of infringement. *Centillion Data Sys.*, 631 F.3d at 1287 (explaining that a "contractual obligation to perform the steps" is sufficient). Likewise, Dropbox's detailed instructions about how its website can and must be used, as well as, its unilateral control over user access to and benefit from system functions are sufficient to show that it directs and controls user activity. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1024 (Fed. Cir. 2015) (finding sufficient evidence of divided infringement where "Limelight conditions its customers' use of its content delivery network upon its customers' performance of the tagging and serving steps, and that Limelight establishes the manner or timing of its customers' performance.").

Justservice properly alleges Dropbox's direction and control necessary to establish divided infringement, meaning infringement of the '990 Patent is properly pled.

### B.   Count II: Justservice Has Sufficiently Pled That The Accused Systems' Software Provides A Means For Performing The Claimed Functions Of The '776 Patent

Dropbox argues that "Justservice was required to allege both that the accused software performs the claimed functions ***and*** that it does so through the claimed structure(s)." ECF No. 29, at 19 (emphasis included). Dropbox further argues that, in order to withstand a motion to dismiss, a complaint must allege a "disclosed software algorithm that the computer performs to accomplish the function." ECF No. 29, at 20. These arguments are misplaced. The citations Dropbox relies on for this argument consist of cases at the summary judgment stage after claim construction proceedings. *Id*. In those cases, the patent specification, not the complaint, failed to provide support and, as a result, the claims were found invalid. *See e.g. Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1362 (Fed. Cir. 2012) (affirming the district court's finding of indefiniteness in claim terms because "no corresponding structure is disclosed in the specification."); *Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302, 1319 (Fed. Cir. 2012) (affirming the

district court's finding of indefiniteness because the "specification disclose[d] an algorithm for performing only one of the functions associated with the 'access means' limitation . . . ."); *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1338 (Fed. Cir. 2008) (affirming the district court's finding of invalidity for failure to disclose an algorithm in the specification).  Such cases are inapposite at the pleading stage, where detailed means-plus-function analysis has never been required.

The determination of the scope and support for means-plus-function claims, like those in the '776 Patent, is an issue for claim construction.  "In construing a means-plus-function claim, the district court must first determine the claimed function and then identify the corresponding structure in the written description of the patent that performs that function." *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010).  Moreover, Justservice's '776 Patent protects not only disclosed structures, but also "equivalents" of the disclosed "structure, material, or acts described in the specification." 35 U.S.C. § 112(f); *see also Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1097 (Fed. Cir. 2008).  Whether the means used by Dropbox to practice the asserted means-plus-function elements are equivalent to those arrived at in a future construction issued by the Court is a fact issue and it likely will require discovery into the algorithms used by Dropbox. *See Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1321 (Fed. Cir. 1999) (whether a structure is an equivalent is a factual determination made by the jury).  Dropbox's argument cannot even be assessed without the Court's claim construction order, making it grossly premature and meritless. *See generally Slyce Acquisition*, 422 F. Supp. 3d at 1206 (denying defendant's motion to dismiss centered on patent ineligibility subject matter as premature without the court's claim construction order).  "It is not appropriate to resolve the[] dispute[]" of whether Justservice's interpretation of Dropbox's structure is accurate, "on a Rule 12(b)(6) motion, without the benefit of claim construction." *Nalco*, 883 F.3d at 1350.

At the pleading stage, Justservice's Amended Complaint sufficiently shows that each of the claimed functions of claim 1 of the '776 Patent—storing, retrieving, verifying, displaying, instructing, transferring, authorizing, and limiting—are functions provided by Dropbox Business software.  ECF No. 26, at ¶ 37.  The Amended Complaint describes each function Dropbox Business software provides as it corresponds to claim 1 and points to Dropbox webpages and language from Dropbox's website that to support the allegations.  *Id*.  For example and as alleged, Dropbox Business software provides an "Upload button" as a means to transfer files from the account user's computer to Dropbox's virtual storage:

> ☑ On dropbox.com, add files with the **Upload** button or by dragging-and-dropping

*See* ECF No. 26, at 14 (citing *Get Started: Essential Building Blocks for Dropbox*, Dropbox, https://help.dropbox.com/learn/getting-started-building-blocks (attached hereto as Ex. G)).

At this stage, Justservice is not required to prove its case, rather the Amended Complaint must put Dropbox on notice of the infringing activity.  *Nalco*, 883 F.3d at 1350 ("the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." (quoting *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)) (emphasis omitted)); *see also Frac Shack*, 2019 U.S. Dist. LEXIS 141118, at *10.  Justservice's Amended Complaint alleges that the accused Dropbox Business provides software that performs various functions covered by claim 1 of the '776 Patent and points to specific Dropbox webpages that support Justservice's position.  ECF No. 26, at ¶ 37; *see e.g.,* Ex. G, *Get Started: Essential Building Blocks for Dropbox*, Dropbox,  https://help.dropbox.com/learn/getting-started-building-blocks  (Dropbox's  software provides a means for verifying account access by requiring account users to sign on using the same email address and password and providing a place for users to submit their email address and password) (Dropbox software provides a means to transfer files from the user's computer by

10

providing an "Upload button").  The Amended Complaint further points to the specification of the '776 Patent, which provides the structure that will be at issue in the case.

Dropbox's attack on '776 Patent infringement allegations is premature.  The claim should not be dismissed.

### C.    Count III: Justservice Has Sufficiently Pled Multi-User Dropbox Business Accounts Infringe Asserted Claims Of The '542 Patent

Dropbox argues Justservice failed to plead "that *each* of the Dropbox Business user accounts has a primary account *and 'a plurality* of subaccounts'…." ECF No. 29, at 16 (emphasis included). Dropbox's argument misstates the allegations in the Amended Complaint and is contrary to the claim language.  Claims of the '542 Patent do not require that each *and every* Dropbox Business account have multiple subaccounts and that each *and every* Dropbox Business account have particular features.  ECF No. 29, at 21-22.  The asserted claims simply do not require that *every* account on the claimed "network" include particular features.  Rather, claim 1 only requires that a "plurality" of accounts on the network have the claimed features.  ECF No. 26-3, p. 35, at claim 1.

Dropbox's argument is, in effect, an attempt to misconstrue the claim language to read limitations into the claims that are not textually present, i.e. a requirement that the network only have multi-user accounts.  Such a claim construction would be improper and, in any event, is premature under the case schedule.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (discussing the court's goal of "reaching the correct claim construction and not imposing improper limitations on claims"); *Nalco*, 883 F.3d at 1350; Order Governing Proceedings – Patent Case, ECF No. 25, at 4-5, 7-8.  The Amended Complaint alleges that Dropbox maintains a network with "a plurality" of infringing Dropbox Business accounts, meaning there are two or more accounts on the accused network that have multiple sub accounts with file rights controlled access.  ECF No. 26, ¶ 39.  In short, Justservice alleges multiple Dropbox Business accounts that meet the claim

limitations exist on the accused network, but not every account on the network necessarily meets these limitations.   The allegation is all that is required.  '542 Patent, ECF No. 26-3, p. 35, at claim 1.

Dropbox's public statements, including those cited and quoted in the Amended Complaint, indicate that Dropbox Business accounts are multi-users accounts.  Dropbox touts its Dropbox Business service as a way to support a "team" of employees with a "central workspace" that "everyone" can access.  ECF No. 26, ¶ 39 (quoting image).  Further, Dropbox Business accounts allow "team administrators"[8] to "give others file rights."  *Id.* (quoting text of paragraph).  The existence and function of such multi-user accounts, with rights controlled access to files, is explained in more detail in the Dropbox support pages cited in the Amended Complaint, such as *Manage your Dropbox Sharing Permission*, DROPBOX, https://help.dropbox.com/files-folders/share/set-folder-permissions, here attached as Exhibit H.   Dropbox provides single user accounts as a separate service.  ECF No. 26, ¶ 25; Ex. J.

As alleged, Dropbox Business is a service provided by Dropbox for multi-user accounts. *Id.*; ECF No. 29 at 8 ("Dropbox offers a variety of subscription packages with features tailored for individual users and for businesses and other teams."). Ultimately, the issue of whether there are any Dropbox Business accounts without multiple users—i.e., at least one Admin and one other user—is an issue of fact that essentially has relevance to only the determination of damages.  The allegations in the Amended Complaint are sufficient and the '542 Patent infringement claim should remain in the case.

---

[8] In Dropbox's materials, administrators of various levels are often referred by the shortened "Admins."

###### D.   Count IV: Justservice Has Sufficiently Pled That Dropbox Business Enables Primary Account Holders to Limit Subuser Access to Specified File Types as Required by the '993 Patent

Dropbox argues that Justservice only "parrots back" the claim language of the '993 Patent, failing to explain why citations to Dropbox's webpages show it allows users to limit access by file type.  ECF No. 29, at 23.  The argument fails for two reasons.  First, providing a detailed "why" argument is not the pleading standard.  Justservice is required to plead facts sufficient to put Dropbox on notice of its infringing activity.  *Nalco*, 883 F.3d at 1350.  The plausibility standard is met when "the plaintiff pleads factual content that allows a court to draw a reasonable inference." *Disc Disease*, 888 F.3d at 1260.  Justservice has done just that, as the image and citations on page 19 of the Amended Complaint clearly show that Dropbox allows users to grant permissions to specified files or groups of files.  ECF No. 26 at 19; *see also* Ex. H, *File Permissions*, DROPBOX, https://www.dropbox.com/features/share/file-permissions ("Dropbox granular file permissions give you the power to control who can access . . . files and what kind of access permissions they have for each one.  For example, Dropbox lets you set group permissions, so you can share a specific image file with your team.").  That, Justservice has more than done.

Justservice quotes Dropbox statements describing its service's functions that allow Dropbox Business account holders to "control whether team members are able to share items with people outside the team, and set different rules for shared folders and shared links" as well as other rights permissions functions.  Amended Complaint, ECF No. 26, ¶ 43 (quoting *How Can I Customize Security in Dropbox Business?*, DROPBOX, https://help.dropbox.com/teamsadmins/admin/customize-security (last visited Apr. 24, 2020) (attached hereto as Ex. I)).  Using these Dropbox features, and others, account holders may "limit access by file type by limiting particular users or non-owners' access to certain file types or folders, including granting access to files shared by a particular user." *Id.*  Justservice further identified

specific Dropbox webpages that discuss how team administrators can limit member access to different files, including by file type.   ECF No. 26, at ¶ 43. For example, Exhibit H <https://www.dropbox.com/features/share/file-permissions> discusses how Dropbox users can set file permissions and, as shown in the screenshot of Dropbox Business on page 19 of the Amended Complaint, account holders can limit these permissions by specific files or groups of files:



Second, Dropbox's argument is based in claim construction, hinging on the meaning of "specified file types," rather than a failure to properly plead that Dropbox Business is "adapted" to control access by file types as claimed. '993 Patent, ECF No. 26-4, p. 31, at claim 16.   Dropbox postures that "specified file type" is legally equivalent to "file extension."   ECF No. 29, at 23 (arguing that "neither document suggests or implies that Dropbox Business enables an account holder to control access by file type (i.e., give a subaccount holder permission to .doc files but not .pdf files)").   There is, however, no reason to believe that "file types" has a meaning other than its ordinary and customary meaning, which can include public files, camera photos, or Dropbox Paper files as file types.   Whether the Court agrees with Dropbox's overly narrow construction of "specified file type" is a dispute best resolved during claim construction. *Nalco*, 883 F.3d at 1350; *see also Vitronics Corp. v. Conceptronic*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("words in a claim are generally given their ordinary and customary meaning…. ").   It does not provide a basis to dismiss Count IV of the Amended Complaint at the pleadings stage.

### E.      Count VI: Justservice Has Sufficiently Pled That The Accused Systems Provide The Claimed Functions Of The '868 Patent

Dropbox argues that none of the facts Justservice alleged "support an inference that the Accused Systems are configured to transmit to the client device for *display*, *information identifying first system function**s** [plural] of the virtual server*."  ECF No. 29, at 24 (emphasis included).  Specifically, Dropbox argues that one excepted screenshot in the Amended Complaint shows a single function rather than multiple functions.  *Id.* at 25.  The gist of Dropbox's argument appears to be that: (1) upload files and (2) upload folders are not separate "*function**s** [plural]*." ECF No. 29, at 24 (multi-emphasis in Mtn.).  Justservice disagrees—these functions are quite distinct.

Justservice's Amended Complaint shows and explains that Dropbox displays menus of available functions.  *E.g.*, ECF No. 26, ¶¶ 49-51.  Along with its written allegations, Justservice provides multiple images of the Accused Systems, as well as Dropbox's explanations directing users how to choose between the various functions (i.e., the claimed first system functions and second system functions).  As indicated in Dropbox's website excerpted plead in the Amended Complaint (shown at right), the user must choose  between the two functions with different effects—that is, as Dropbox's website directs, the user must "Choose" to upload "**Files** or [a] **Folder**."  Amended Complaint, ECF No. 26, at p. 23 (emphasis in excerpted image).  Further, the Amended Complaint shows and alleges numerous other functions of the virtual server, including the functions "Share, Download, Add Comment, Star, Version History, Rename, Move, Copy, Delete, New Shared Folder, New Folder, [and] Show Deleted Files."  *Id*., p. 24, ¶ 50 (quoting image with annotation specifically identifying the "download file function").  These functions are different than upload files and upload folders and, thereby, satisfy claim 6 of the '868 Patent's additional requirement of "second system functions

15

different from first system functions." '868 Patent, ECF No. 26-6, p. 30, at claim 6.[9]  *Id*.  These factual allegations suffice to give Dropbox "fair notice of what the claim is and the ground upon which it rests."  *Disc Disease*, 888 F.3d at 1260.  When the allegations of the Amended Complaint are fairly considered, there is no basis to dismiss the '868 Patent infringement claim.

### F.      Leave To Amend Would Be More Appropriate Relief Than Dismissal

If the Court determines Dropbox's Motion, or any portion thereof, to have merit, Justservice requests the Court grant the requested alternative relief and order Justservice file a more definite statement.  With the Court's guidance, Justservice can expand the short and plain statement found in the Amended Complaint into a novel featuring Dropbox's infringing conduct.  Such relief would be warranted in these circumstances, where Justservice has already made a good faith effort to provide detailed pleadings and provided initial infringement contentions.  *See De La Vega*, No. 6:19-cv-00612-ADA, at 9.

### V.      <u>CONCLUSION</u>

Justservice respectfully requests that the Court deny Dropbox's Motion to Dismiss Counts I, II, III, IV and VI or, in the alternative, grant Justservice leave to further amend.

---

[9] Although not necessary to the resolution of this issue, these functions are divided into two groups of multiple functions and are themselves sufficient to satisfy claim 1's requirement of first system functions and claim 6's requirement of second system functions.

Dated:  June 1, 2020                                Respectfully submitted,


By:   /s/ Todd P. Blakely
      Michael C. Smith (SBN 18650410)
      Siebman, Forrest, Burg & Smith LLP
      113 East Austin Street
      Marshall, TX  75670
      michaelsmith@siebman.com
      Telephone: 903-938-8900
      Facsimile: 972-767-4620

      Todd P. Blakely (Admitted *pro hac vice*)
        tblakely@sheridanross.com
      Tara K. Hawkes (Admitted *pro hac vice*)
        thawkes@sheridanross.com
      Paul Sung Cha (Admitted *pro hac vice*)
        pscha@sheridanross.com
      SHERIDAN ROSS P.C.
      1560 Broadway, Suite 1200
      Denver, CO 80202
      Telephone:        303-863-9700
      Facsimile: 303-863-0223
      E-mail:
        litigation@sheridanross.com

      Aaron P. Bradford (Admitted *pro hac vice*)
      Alex Ruge (Admitted *pro hac vice*)
      BRADFORD, LTD
      2701 Lawrence Street, Suite 104
      Denver, CO 80205
      Telephone: (303) 325-5467
      Aaron@apb-law.com
      Alex@apb-law.com

      *Attorneys for Plaintiff Justservice.net LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 1, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Todd P. Blakely
Todd P. Blakely