# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JUSTSERVICE.NET LLC,<br><br>              Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>              Defendant. | Civil Action No.: 6:20-cv-00070-ADA |

**DROPBOX, INC.'S ANSWER TO JUSTSERVICE.NET LLC'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

<u>TO THE HONORABLE ALAN D. ALBRIGHT, UNITED STATES DISTRICT JUDGE:</u>

Defendant Dropbox, Inc. ("Defendant" or "Dropbox") answers Plaintiff Justservice.net LLC's ("Plaintiff" or "Justservice") Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

## **PARTIES**[1]

1.  Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies them.

2.  Dropbox admits that Dropbox is a Delaware corporation and that its principal place of business is in San Francisco, California. Dropbox admits that it maintains an office in Austin, Texas.

3.  Dropbox admits that it may be served through its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

---

[1] For ease of reference, Dropbox utilizes the headings used in Justservice's Amended Complaint. In so doing, Dropbox does not admit any of the allegations contained in those headings. In addition, Dropbox's responses to Justservice's allegations correspond to the numbered paragraphs in the Amended Complaint.

4. Dropbox admits that it licenses services for data storage. Dropbox further admits that its services are available throughout the United States, including Texas, and around the world. Dropbox denies the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, based on its investigation to date, Dropbox admits that this is a patent infringement action under the patent laws of the United States and that this Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1338(a).

6. Paragraph 6 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Dropbox denies that it has committed any acts of patent infringement directly or jointly in combination with actions of its customers.

7. Paragraph 7 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Dropbox admits that it is registered to do business in Texas. Dropbox also admits that it maintains an office in Austin. Dropbox denies that it has committed any acts of patent infringement.

## FACTUAL ALLEGATIONS AND UNDERLYING CLAIMS

### Justservice's Patents

8. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies them.

9. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies them.

10. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies them.

11. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies them.

12. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies them.

## The Asserted Patents

13. Dropbox admits Exhibit 1 to the Amended Complaint purports on its face to be U.S. Patent No. 8,126,990 (the "'990 patent"), and to have the issue date and title as alleged. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and on that basis denies them.

14. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies them.

15. Dropbox admits Exhibit 2 to the Amended Complaint purports on its face to be U.S. Patent No. 8,195,776 (the "'776 patent"), and to have the issue date and title as alleged. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and on that basis denies them.

16. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

17. Dropbox admits Exhibit 3 to the Amended Complaint purports on its face to be U.S. Patent No. 8,392,542 (the "'542 patent"), and to have the issue date and title as alleged. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17, and on that basis denies them.

18. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies them.

19. Dropbox admits Exhibit 4 to the Amended Complaint purports on its face to be U.S. Patent No. 9,722,993 (the "'993 patent"), and to have the issue date and title as alleged. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 19, and on that basis denies them.

20. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies them.

21. Dropbox admits Exhibit 5 to the Amended Complaint purports on its face to be U.S. Patent No. 10,387,270 (the "'270 patent"), and to have the issue date as alleged. Dropbox denies that the title is "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Support." Rather, the title on the face of Exhibit 5 is "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Product." Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and on that basis denies them.

22. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies them.

23. Dropbox admits Exhibit 6 to the Amended Complaint purports on its face to be U.S. Patent No. 10,476,868 (the "'868 patent"), and to have the issue date and title as alleged. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and on that basis denies them.

24. Dropbox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis denies them.

### Dropbox's Products

25. Dropbox admits that since 2007, Dropbox has licensed services for data storage. Dropbox further admits that it currently licenses service for data storage, including Dropbox for Individuals and Dropbox Business. Dropbox denies the remaining allegations in Paragraph 25.

26. Dropbox admits that Dropbox uses hardware servers and backend server software. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations

regarding Vdata and therefore denies them.  Dropbox denies the remaining allegations in Paragraph 26.  Dropbox further denies that it has committed any acts of infringement.

27.     Dropbox admits that it operates servers in various locations across the United States.  Dropbox denies the remaining allegations in Paragraph 27.  Dropbox further denies that it has committed any acts of infringement.

28.     Dropbox admits that it previously rented server space and processing services from third parties.  Dropbox denies the remaining allegations in Paragraph 28.  Dropbox further denies that it has committed any acts of infringement.

29.     Dropbox admits that it operates servers for Dropbox for Individuals and Dropbox Business.  Dropbox denies the remaining allegations in Paragraph 29.  Dropbox further denies that it has committed any acts of infringement.

30.     Dropbox denies all allegations in Paragraph 30.

31.     Dropbox denies that it practices claim 12 of the '990 patent.  Dropbox denies that the URL cited contains the identified quote as of January 28, 2021.  Dropbox denies the remaining allegations in Paragraph 31.  Dropbox further denies that it has committed any acts of infringement.

32.     Dropbox admits that Dropbox for Individuals and Dropbox Business subscribers provide credentials to access their account.  Dropbox further admits that subscribers may access their account through www.dropbox.com.  Dropbox denies the remaining allegations in Paragraph 32.  Dropbox further denies that it has committed any acts of infringement.

33.     Dropbox admits that the URL cited in Paragraph 33 contains the quoted phrase as of January 28, 2021.  Dropbox denies the remaining allegations in Paragraph 33.  Dropbox further denies that it has committed any acts of infringement.

34.     Dropbox admits that the URL cited in Paragraph 34 contains the quoted phrase as of January 28, 2021.  Dropbox lacks knowledge or information to form a belief as to the truth of the

remaining allegations in Paragraph 34, and on that basis denies them. Dropbox further denies that it has committed any acts of infringement.

35. Dropbox denies that it practices claim 13 of the '990 patent. Dropbox denies the remaining allegations in Paragraph 35. Dropbox further denies that it has committed any acts of infringement.

36. Dropbox denies that it practices claims 14 and 15 of the '990 patent. Dropbox denies the remaining allegations in Paragraph 36. Dropbox further denies that it has committed any acts of infringement.

37. Dropbox denies that it practices claim 1 of the '776 patent. Dropbox denies that the last-cited URL contains to the two identified quotes as of January 28, 2021. Dropbox denies the remaining allegations in Paragraph 37. Dropbox further denies that it has committed any acts of infringement.

38. Dropbox denies that it practices claim 2 of the '776 patent. Dropbox denies the remaining allegations in Paragraph 38. Dropbox further denies that it has committed any acts of infringement.

39. Dropbox denies that it practices claims 1 and 2 of the '542 patent. Dropbox admits that many Dropbox Business accounts have an account administrator. Dropbox denies the remaining allegations in Paragraph 39. Dropbox further denies that it has committed any acts of infringement.

40. Dropbox admits that Dropbox subscribers may transfer data between a user computer and Dropbox servers. Dropbox denies the remaining allegations in Paragraph 40. Dropbox further denies that it has committed any acts of infringement.

41. Dropbox denies that it practices claim 3 of the '542 patent. Dropbox denies the remaining allegations in Paragraph 41. Dropbox further denies that it has committed any acts of infringement.

42. Dropbox denies that it practices claim 16 of the '993 patent. Dropbox admits that Dropbox Business operates over a network and that the data stored on Dropbox servers can be displayed in a browser window on the user's computer. Dropbox further admits that Dropbox Business allows its subscribers to manage multiple licenses through a single account and that users can establish access permissions. Dropbox denies the remaining allegations in Paragraph 42. Dropbox further denies that it has committed any acts of infringement.

43. Dropbox admits that the last-cited URL contains the quoted phrase as of January 28, 2021. Dropbox denies the remaining allegations in Paragraph 43. Dropbox further denies that it has committed any acts of infringement.

44. Dropbox denies that it practices claim 1 of the '270 patent. Dropbox admits that Dropbox Business accounts may contain multiple licenses. Dropbox further admits that access permissions may be established for data within Dropbox Business accounts. Dropbox denies that the third-cited URL contains the quoted phrase as of January 28, 2021. Dropbox admits that the fourth- and fifth-cited URLs contain the quoted phrases as of January 28, 2021. Dropbox denies the remaining allegations in Paragraph 44. Dropbox further denies that it has committed any acts of infringement.

45. Dropbox denies that it practices claims 2 and 3 of the '270 patent. Dropbox admits that access permissions may be established for data within Dropbox Business accounts. Dropbox denies the remaining allegations in Paragraph 45. Dropbox further denies that it has committed any acts of infringement.

46. Dropbox denies that it practices claims 6 and 7 of the '270 patent. Dropbox denies the remaining allegations in Paragraph 46. Dropbox further denies that it has committed any acts of infringement.

47. Dropbox denies that it practices claims 8-10 and 12 of the '270 patent. Dropbox

denies the remaining allegations in Paragraph 47. Dropbox further denies that it has committed any acts of infringement.

48. Dropbox denies that it practices claim 11 of the '270 patent. Dropbox denies the remaining allegations in Paragraph 48. Dropbox further denies that it has committed any acts of infringement.

49. Dropbox denies that it practices claim 1 of the '868 patent. Dropbox admits that Dropbox for Individuals and Dropbox Business allow users to store data on a Dropbox server through a network connection. Dropbox further admits that it allows users to upload or download files between Dropbox servers and the user's device. Dropbox denies the remaining allegations in Paragraph 49. Dropbox further denies that it has committed any acts of infringement.

50. Dropbox denies that it practices claim 2 of the '868 patent. Dropbox admits that Dropbox for Individuals and Dropbox Business allow users to download files associated with their accounts to their device. Dropbox denies the remaining allegations in Paragraph 50. Dropbox further denies that it has committed any acts of infringement.

51. Dropbox denies that it practices claim 6 of the '868 patent. Dropbox admits that the URL cited contains the quoted phrase as of January 28, 2021. Dropbox denies the remaining allegations of Paragraph 51. Dropbox further denies that it has committed any acts of infringement.

52. Dropbox admits that its Dropbox for Individuals and Dropbox Business subscribers can access their accounts via an Internet browser or an application. Dropbox denies the remaining allegations in Paragraph 52. Dropbox further denies that it has committed any acts of infringement.

53. Dropbox admits that its Dropbox for Individuals and Dropbox Business subscribers give Dropbox permission to host their data. Dropbox denies the remaining allegations in Paragraph 53. Dropbox further denies that it has committed any acts of infringement.

54. Dropbox admits that Dropbox for Individuals and Dropbox Business subscribers must

have credentials to access their accounts. Dropbox denies the remaining allegations in Paragraph 54. Dropbox further denies that it has committed any acts of infringement.

55. Dropbox admits that it provides information at https://help.dropbox.com. Dropbox denies the remaining allegations in Paragraph 55. Dropbox further denies that it has committed any acts of infringement.

56. Dropbox admits that it provides information at https://help.dropbox.com/learn/business-guide-get-started-admin and https://help.dropbox.com/teams-admins/admin/manage-team-sharing. Dropbox denies the remaining allegations in Paragraph 56. Dropbox further denies that it has committed any acts of infringement.

57. Dropbox denies all allegations in Paragraph 57.

58. Dropbox denies all allegations in Paragraph 58.

59. Dropbox lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and therefore denies them. Dropbox further denies that it has committed any acts of infringement.

## COUNT I – INFRINGEMENT OF THE '990 PATENT

60. Paragraph 60 of the Amended Complaint requires no response.

61. Dropbox admits that Exhibit 1 to the Amended Complaint purports to have 18 claims. Dropbox denies the remaining allegations in Paragraph 61.

62. Dropbox denies all allegations in Paragraph 62.

63. Dropbox denies all allegations in Paragraph 63.

64. Dropbox denies all allegations in Paragraph 64.

65. Dropbox denies all allegations in Paragraph 65.

66. Dropbox denies all allegations in Paragraph 66.

67. Dropbox denies all allegations in Paragraph 67.

68. Dropbox denies all allegations in Paragraph 68.

## COUNT II – INFRINGEMENT OF THE '776 PATENT

69. Paragraph 69 of the Amended Complaint requires no response.

70. Dropbox admits that Exhibit 2 to the Amended Complaint purports to have 11 claims.

Dropbox denies the remaining allegations in Paragraph 70.

71. Dropbox denies all allegations in Paragraph 71.

72. Dropbox denies all allegations in Paragraph 72.

73. Dropbox denies all allegations in Paragraph 73.

74. Dropbox denies all allegations in Paragraph 74.

75. Dropbox denies all allegations in Paragraph 75.

76. Dropbox denies all allegations in Paragraph 76.

77. Dropbox denies all allegations in Paragraph 77.

## COUNT III – INFRINGEMENT OF THE '542 PATENT

78. Paragraph 78 of the Amended Complaint requires no response.

79. Dropbox admits that Exhibit 3 to the Amended Complaint purports to have 16 claims.

Dropbox denies the remaining allegations in Paragraph 79.

80. Dropbox denies all allegations in Paragraph 80.

81. Dropbox denies all allegations in Paragraph 81.

82. Dropbox denies all allegations in Paragraph 82.

83. Dropbox denies all allegations in Paragraph 83.

84. Dropbox denies all allegations in Paragraph 84.

85. Dropbox denies all allegations in Paragraph 85.

86. Dropbox denies all allegations in Paragraph 86.

## COUNT IV – INFRINGEMENT OF THE '993 PATENT

87. Paragraph 87 of the Amended Complaint requires no response.

88. Dropbox admits that Exhibit 4 to the Amended Complaint purports to have 16 claims. Dropbox denies the remaining allegations in Paragraph 88.

89. Dropbox denies all allegations in Paragraph 89.

90. Dropbox denies all allegations in Paragraph 90.

91. Dropbox denies all allegations in Paragraph 91.

92. Dropbox denies all allegations in Paragraph 92.

93. Dropbox denies all allegations in Paragraph 93.

94. Dropbox denies all allegations in Paragraph 94.

95. Dropbox denies all allegations in Paragraph 95.

## COUNT V – INFRINGEMENT OF THE '270 PATENT

96. Paragraph 96 of the Amended Complaint requires no response.

97. Dropbox admits that Exhibit 5 to the Amended Complaint purports to have 15 claims. Dropbox denies the remaining allegations in Paragraph 97.

98. Dropbox denies all allegations in Paragraph 98.

99. Dropbox denies all allegations in Paragraph 99.

100. Dropbox denies all allegations in Paragraph 100.

101. Dropbox denies all allegations in Paragraph 101.

102. Dropbox denies all allegations in Paragraph 102.

103. Dropbox denies all allegations in Paragraph 103.

104. Dropbox denies all allegations in Paragraph 104.

## COUNT VI – INFRINGEMENT OF THE '868 PATENT

105. Paragraph 105 of the Amended Complaint requires no response.

106. Dropbox admits that Exhibit 6 to the Amended Complaint purports to have 20 claims. Dropbox denies the remaining allegations in Paragraph 106.

107. Dropbox denies all allegations in Paragraph 107.

108. Dropbox denies all allegations in Paragraph 108.

109. Dropbox denies all allegations in Paragraph 109.

110. Dropbox denies all allegations in Paragraph 110.

111. Dropbox denies all allegations in Paragraph 111.

112. Dropbox denies all allegations in Paragraph 112.

113. Dropbox denies all allegations in Paragraph 113.

## DEMAND FOR JURY TRIAL

Dropbox demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

Dropbox denies subparagraphs A-G of Justservice's Request for Relief; Dropbox denies that Justservice is entitled to any relief from Dropbox.

Dropbox denies all allegations of Justservice's Amended Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

By alleging the Defenses set forth below, Dropbox does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For its Defenses to Justservice's claims in its Amended Complaint, Dropbox alleges as follows:

### First Affirmative Defense
*(Non-Infringement)*

1. Dropbox does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any valid claim of the patents asserted in the Amended Complaint, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe, or otherwise indirectly infringed, any valid claim of the patents asserted in the Amended

Complaint.

## Second Affirmative Defense
*(Invalidity)*

2.     One or more claims of the patents asserted in the Amended Complaint are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## Third Affirmative Defense
*(Failure to Provide Notice Pursuant to 35 U.S.C. § 287)*

3.     On information and belief, to the extent Justservice, its predecessors, or licensees of the patents asserted in the Amended Complaint have failed to comply with the marking requirement set forth in 35 U.S.C. § 287, Justservice's damages are barred, in whole or in part.

## Fourth Affirmative Defense
*(Waiver, Estoppel, Acquiescence,* and *Unclean Hands)*

4.     On information and belief, Justservice's claims for relief are barred in whole or in part by waiver, estoppel, acquiescence and/or unclean hands.

## Fifth Affirmative Defense
*(Prosecution History Estoppel)*

5.     Justservice is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents asserted in the Amended Complaint, from asserting that the claims of the patents asserted in the Amended Complaint are infringed by Dropbox or Dropbox's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

## Sixth Affirmative Defense
*(No Immediate or Irreparable Injury)*

6.     On information and belief, Justservice is not entitled to equitable relief with respect to the patents asserted in the Amended Complaint under any theory because Justservice has not and will not suffer irreparable harm, Justservice has not established that it practices the patents, Justservice is

not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

### Seventh Affirmative Defense
*(Time Limitation)*

7.  On information and belief, Justservice's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286.

### Eighth Affirmative Defense
*(No Costs)*

8.  On information and belief, Justservice is barred from recovering costs associated with this action with respect to the patents asserted in the Amended Complaint under 35 U.S.C. § 288.

### Reservation of Defenses

Dropbox reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

Dated: January 28, 2021

/s/ J. Stephen Ravel
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Tel: (512) 495-6464
Email: steve.ravel@kellyhart.com

Gregory H. Lantier (*pro hac vice*)
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

>Monica Grewal (*pro hac vice*)
>WILMER CUTLER PICKERING HALE
>& DORR LLP
>60 State Street
>Boston, Massachusetts 02109
>Tel: (617) 526-6223
>Email: monica.grewal@wilmerhale.com
>
>Liv Herriot (*pro hac vice*)
>WILMER CUTLER PICKERING HALE
>& DORR LLP
>2600 El Camino Real, Suite 400
>Palo Alto, CA 94306
>Tel: (650) 858-6138
>Email: liv.herriot@wilmerhale.com
>
>*Attorneys for Defendant Dropbox, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 28, 2021 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

>/s/ *J. Stephen Ravel*
>J. Stephen Ravel